ILLINOIS CENTRAL RAILROAD COMPANY
v.
MICHAEL FRELKA.

1. RAILROADS—NEGLIGENCE.—Where the right-of-way of a railroad passes over ground not used by any person, save employes of the company, and an engineer driving an engine along the tracks of the company, had no reason, under the circumstances, to apprehend the presence of the plaintiff or any other person upon such track, a failure on his part to take precautions to discover such presence is not negligence on the part of the company.

2. DAMAGES—EXPENSES IN BEING CURED.—An instruction that plaintiff, among other things, was entitled to recover for expenses incurred in being cured of his injuries, there being no evidence that he was at any expense, is erroneous.

3. DECLARATION—SPECIFIC AND GENERAL NEGLIGENCE—EVIDENCE.— Where the declaration contains three counts, in the first of which specific negligence is charged, and in the third general negligence, but the evidence in the cause is in other respects applicable to only the first count, it is error for the court to submit to the jury to find a species of negligence variant from that specified in such first count.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed January 4, 1882.

This was an action on the case brought by Michael Frelka, in the court below, against the Illinois Central Railroad Company, to recover damages sustained by the former for a person-

al injury. The declaration contained three counts, in substance as follows:

First count alleges, that on the 18th of January, 1879, the defendant was possessed of, using and operating a railroad, extending through a part of the county of Cook, with trains of cars and locomotives passing and re-passing thereon, and was possessed of depot and depot grounds in the city of Chicago, in said county; and the plaintiff was then and there, and for a long time previously had been employed in the business of loading cars at the Stock Yards, in said county, near said city, and had for six weeks prior thereto been accustomed, with the knowledge and consent of the defendant, at an early hour, to-wit, six o'clock in the morning, to proceed to said depot grounds south of said depot, and there enter a caboose car for the conveyance of persons, and to be thence conveyed in said caboose or car, from said depot grounds to said Stock Yards; and that on the day and year aforesaid, before daylight in the morning, he was, with all due care and caution on his part, proceeding across said depot grounds, and along and across certain tracks of said railroad of the defendant, towards the place where said caboose or car was, for the purpose of entering said caboose or car, and being conveyed to said Stock Yards, as he had theretofore been accustomed to do; and the defendant carelessly and negligently drove a locomotive engine along one of said tracks, and in doing so no bell of at least thirty pounds weight nor of any weight, nor a steam whistle placed on said engine, was rung or whistled, nor kept ringing or whistling, contrary to the statute in such case made and provided; nor was there any head-light of said engine lighted or burning, by means and in consequence of which negligence and carelessness of the defendant as aforesaid, said locomotive engine ran and struck with great force and violence, the plaintiff, threw him to the ground and dragged him a great distance, to-wit, 500 feet, and greatly bruised, wounded and injured him.

The second count alleges that the defendant was, on the 18th of January, 1879, possessed of a certain railroad, cars, locomotives, depot and depot grounds, as set out in the first counts,

I. C. R. R. Co. v. Frelka.

and was then, and for a long time previously thereto had been, accustomed to place on said depot grounds a caboose or car, for the conveyance of persons, at which place passengers were accustomed to enter the same; and that it was the duty of said defendant to so manage its locomotives as not to injure persons crossing said depot grounds for the purpose of entering said caboose or car, and the plaintiff was, in the night time, with all due care and caution, proceeding across said depot grounds, and along and across certain tracks of said railroad of the defendant, toward the place where said caboose or car was accustomed to stand for the reception of passengers as aforesaid; and the defendant carelessly and negligently drove a certain other engine along one of the tracks of said railroad, and in so doing, no bell of at least thirty pounds weight, nor of any weight, nor steam whistle placed on said locomotive engine, was rung or whistled, and kept ringing or whistling, contrary to the form of the statute in such case made and provided. By reason and by means of which carelessness and negligence of the defendant as aforesaid, said engine then and there ran and struck against the plaintiff, threw. him upon the ground, dragged him 700 feet, and greatly bruised and injured him.

The third count avers that the defendant, on the 18th of January, 1879, was possessed of a railroad, cars, locomotives, depot, and depot grounds, as stated in the first count, and that persons were then and there, and for a long time before had been accustomed to cross said depot grounds, for the purpose of entering the cars of the defendant, and being by it conveyed to various places along the line of its railroad; and the plaintiff was, with all due care and caution, crossing said depot grounds of said defendant, for the purpose of entering one of its cars, to be conveyed by it to a point along its road, as persons were accustomed to do, as aforesaid, and it was the duty of said defendant to so manage its locomotives as not to injure persons so crossing said depot grounds; yet the defendant carelessly and negligently drove another engine along one of its tracks in said depot grounds, against the plaintiff, knocked him to and upon the ground, dragged him 700 feet, and thereby greatly

bruised and mangled him; broke his right leg, dislocated his right foot, and greatly bruised his back and other parts of his body, so that his foot has since been swollen, and will so remain permanently; that his back will permanently remain weak and painful, and that his whole physical system has been shattered and broken, and will so remain permanently; and that he is a laboring man, and is permanently incapacitated to work; that he has suffered great pain of body and mind, and will continue to suffer the same; and has paid five hundred dollars for medical attendance, nursing and medicines, and will in the future be obliged to incur like expenses; and that he has been, and is otherwise injured, to his damage of $10,000.

The defendant filed the plea of not guilty to the whole declaration.

The plaintiff, on the trial, gave evidence tending to show, that before and at the time of the injury, he had been employed as a laborer by the Michigan Central Railroad Company; that although he lived in the City of Chicago, the place where he worked for said railroad company was at the Union Stock Yards, some miles south from the defendant's depot, in Chicago, which is on the shore of Lake Michigan; that immediately south of said depot, the defendant has large grounds through which it has divers railroad tracks running nearly north and south, beside side-tracks and switches; that east of said tracks of defendant, the Michigan Central Railroad Company has its tracks running parallel with those of defendant and between them and the lake; that the Michigan Central ran a sort of freight train from its depot grounds, with a caboose car attached, every morning at six o'clock for the Stock Yards, by which plaintiff and other laborers were conveyed to their work at the latter place, said train not always starting from the same place; to take which, plaintiff and other laborers of the Michigan Central had been in the habit of crossing defendant's tracks on its own right-of-way or depot grounds; that the morning of January 18, 1879, was cloudy and foggy; and plaintiff arriving at said place before daylight, for the purpose of taking said caboose of the Michigan Central Company,

and being thereby conveyed to the Stock Yards, attempted to cross one of the tracks of defendant, when a switch-engine of the latter, under the management of its engineer—a servant of defendant, moving at a moderate rate of speed, suddenly struck plaintiff, threw him down at the forward end of the engine, shoved and dragged him a considerable distance, breaking one of his legs twice in two, and otherwise injuring him; that there was no headlight upon the engine, no ringing of bell or sounding of whistle. There was no evidence to support the second or third counts of the declaration, or that plaintiff was to any expense whatever in and about endeavoring to get cured.

The defendant gave evidence tending to prove that at the time of the injury there was on each end of said switch engine a headlight brightly burning, and that a bell of the statutory weight was ringing. That no streets of the city extended into or across said depot grounds of either the defendant or the Michigan Central Company; that there was another and safe way of equal convenience, by which plaintiff could have gone, in order to take said caboose car, without any hazard, and that conspicuous notices were kept posted in different places on the west side of defendant's said grounds, warning persons not to enter.

The court gave to the jury, on behalf of the plaintiff, the following amongst other instructions:

"*Third.* If the jury believe, from the evidence, that the plaintiff, Frelka, was on the defendant's railroad track, and that the engine-driver, by the use of ordinary skill and prudence, could have seen the plaintiff, or that he did see the plaintiff on said track, and that he might without danger by the use of ordinary care, have stopped the engine before striking the plaintiff, and did not, this would be negligence on the part of the defendant.

"*Fifth.* If the jury believe, from the evidence, that the plaintiff was injured as alleged in the declaration, and find the defendant guilty, then they should assess the plaintiff's damages; if they find the defendant guilty, the plaintiff will be entitled to recover for any pain and anguish which he has suffered, or will hereafter suffer, in consequence of said injury;

for any and all damage to his person, permanent or otherwise occasioned by said injury; for loss of time occasioned by said injury; for expenses incurred in a reasonable effort to effect a cure of said injury; provided the jury shall believe, from the evidence, that the plaintiff has been damaged in the regards aforesaid; and generally the plaintiff will, if the jury find the defendant guilty, be entitled to recover all damages alleged in the declaration which they shall believe, from the evidence, he has sustained by reason of said injury."

The jury found the defendant guilty, and assessed plaintiff's damages at $5,000. And the court, overruling the defendant's motion for a new trial, gave judgment on the verdict. The defendant appealed to this court.

Messrs. W. & W. D. BARGE, for appellant; that the engineer had a right to suppose a clear track, and was not at fault in failing to use precaution where he had no reason to expect interruption, cited Phil. & Read. R. R. Co. v. Spearen, 47 Pa. St. 303.

There was a safe approach to the caboose, and plaintiff was bound to follow it : C. & N. W. R'y Co. v. Donahue, 75 Ill. 106; Austin v. C. R. I. & P. R. R. Co. 91 Ill. 35.

Testimony of witnesses, that they did not hear a bell or whistle sounded, is negative in its character and has not the force of affirmative testimony: C. B. & Q. R. R. Co. v. Dickson, 88 Ill. 431; C. & R. I. R. R. Co. v. Still, 19 Ill. 499; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; St. L. A. & F. H. R. R. Co. v. Manley, 58 Ill. 300; Beisiegel v. N. Y. C. R. R. Co. 40 N. Y. 19; Shearman & Redfield on Neg. 565.

Messrs. BRANDT & HOFFMAN, for appellee; that testimony of witnesses that bell was not rung or whistle sounded is affirmative in its character, cited R. R. I. & St. L. R. R. Co. v. Hillyer, 72 Ill. 235; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454.

Generally upon the right to recover: I. & St. L. R. R. Co. v. Galbraith, 63 Ill. 436; Ill. Cent R. R. Co. v. Hammer, 72 Ill. 347; C. & N. W. R. R. Co. v. Ryan, 70 Ill. 211; C. & A.

R. R. Co. v. Shannon, 43 Ill. 338; Dublin, etc. R'y Co. v. Slattery, 3 App. Cas. 1155.

Negligence is a question of fact for the jury, and unless their finding is clearly against the evidence, it will not be disturbed: Stickle v. Otto, 86 Ill. 161; Bell v. Gordon, 86 Ill. 501; Keeler v. Stuppe, 86 Ill. 309; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Chicago v. Herz, 87 Ill. 541; Addems v. Suver, 89 Ill. 482.

McALLISTER, J.   The right-of-way and grounds of appellant, south of its Chicago depot, lie upon the west shore of Lake Michigan; so that they have never been used by people going back and forth, as might have been the case, had they been located differently, and more within the city.   They were intersected by no public street or alley, or the tracks of any other railroad.   So far as the evidence shows, they were not even practically open to any public or *quasi* public use for the people to travel thereon, as upon public grounds.   Nor was there any evidence of even an implied license on the part of appellant to appellee, to go upon such grounds for any purpose of business not connected with appellant's railroad.   And the evidence is that, at the time in question, appellee went upon said grounds and right-of-way of appellant for his own convenience, and a purpose of business connected solely with the Michigan Central Railroad Company, another and distinct corporation.   The evidence in this case was not applicable to, and did not tend to support either the second or third count of appellee's declaration, but was applicable to, and tended to support the first count only; and that charged specific negligence, viz: the running the engine in question, without ringing a bell, or sounding a whistle, and without having any headlights thereon.   By the appellee's third instruction, asked by his counsel and given to the jury by the court, the jury were told, that if they believe from the evidence, that plaintiff, Frelka, was on the defendant's railroad track, and that the engine driver by the use of ordinary skill and prudence, could have seen him, or, that he did see the plaintiff on said track, and that he might, without danger, by the use of ordinary care,

have stopped the engine before striking the plaintiff, and did not, this would be negligence on the part of the defendant.

This instruction was obnoxious to several fatal objections. By the first branch of it, the jury were told that a bare failure, without regard to circumstances, by the engine driver to use ordinary skill and prudence to discover whether plaintiff was on the track, was negligence, that is, negligence *per se;* and it was so irrespective of any hypothesis, as to whether plaintiff was there lawfully, or as a trespasser and wrong-doer; or whether the engine driver had any reason or not to apprehend that any person would be likely to be upon the track at the time, and under the circumstances in question.

If there were no reason to apprehend the presence on the track of the plaintiff or some other person, there could arise no legal duty requiring such engine driver to use precautions to discover such presence. Phil. & Reading R. R. Co. v. Hummel, 44 Pa. St. 375; Illinois Central R. R. Co. v. Godfrey, 71 Ill. 500, where the former case is cited with approval; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510.

By the second branch of the instruction, the court told the jury that if the engine driver did see the plaintiff on the track, and that if he might without danger, by the use of ordinary care, have stopped the engine before striking the plaintiff, and did not, that this also was negligence on the part of the defendant. This likewise was erroneous, for the lack of necessary hypotheses. If, from what the engine driver saw, he had good reason to believe that the plaintiff could not or was not likely to get off the track in time, or to believe that he was not aware of his danger, and for that reason was making no effort to get off, or avoid the danger, then his failure to use such care to stop his engine, and avoid striking plaintiff, if it was reasonably practicable to do so, might constitute negligence and be treated as the proximate cause of the injury. Lake Shore R. R. Co. v. Miller, 25 Mich. 277; Wharton on Neg. Sec. 389a, and cases in notes.

But beyond these objections, the kind of negligence supposed by the instruction, is not embraced within that specified in the first count of the declaration, that being the only count which the evidence in the case tended to support.

The court also erred in giving the fifth instruction on behalf of plaintiff below. By it the court left it to the jury to allow plaintiff, for expenses incurred in endeavoring to get cured. There was no evidence tending to show he incurred any. It was therefore the submission to the jury of a question of fact, to prove which there was no evidence.

For the errors indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.