THE CHICAGO AND WESTERN INDIANA RAILROAD COM-
PANY

v.

MARY ANN WHITE, ADM'X, ETC.

*Personal Injuries—Conflict of Evidence—Instructions—Comparative
Negligence.*

1. In an action to recover for a personal injury upon the ground of mere
negligence, the want of ordinary care on the part of the person injured will
defeat a recovery, the doctrine of comparative negligence having no appli-
cation.

2. In such an action, where the evidence is conflicting, great accuracy in
the instructions is required.

3. In the case presented, it is *held:* That an instruction given for the
plaintiff is bad for its confusion of ideas and tendency to mislead; and that
an instruction asked for the defendant was improperly modified by an addi-
tion touching comparative negligence.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon.
JOHN P. ALTGELD, Judge, presiding.

Messrs. C. M. OSBORN and S. A. LYNDE, for appellant.

In going upon the track unnecessarily and not using any
care while there, White was guilty of such negligence that the
judgment should be reversed and the cause should not be re-
manded. The court erred in its ruling on defendant's motion
at the close of plaintiff's case and in its instructions as to this
point.

The rule is absolute that "in order to recover for injuries
from negligence it must be alleged and proved that the party
injured was, at the time he was injured, observing due or
ordinary care for his personal safety." Calumet Iron & Steel
Co. v. Martin, 115 Ill. 368; C., B. & Q. R. R. Co. v. Johnson,
103 Ill. 512.

The allegation of the exercise of ordinary care is material ; the plea of not guilty puts it in issue ; and the burden of proving due care rests upon the plaintiff.   I. & St. L. R. R. Co. v. Evans, 88 Ill. 64.

The proposition can not require argument that it was not only necessary for the plaintiff to show that White's work required him to be on the track and justified his being there, but that it was also necessary for her to offer evidence tending to show that he used some care and caution while there.   The Supreme Court has, as it says, " repeatedly held that to walk upon the track of a railroad, without looking in both directions to discover approaching engines or trains, when the exercise of such precaution would discover either the one or the other, is such negligence as will preclude a recovery, unless the injury be wilfully or wantonly inflicted by the defendant."    Austin v. C., R. I. & P. R. R. Co., 91 Ill. 38.

Instructions must be applicable to the case made by the evidence, and without evidence tending to show the exercise of ordinary care on plaintiff's part, or gross negligence on the defendant's part, an instruction stating the rule of comparative negligence does not apply.   See C., R. I. & P. R. R. Co. v. Clark, 108 Ill. 120.

The rule of comparative negligence has not changed or modified the general rule requiring that the injured party, in order to recover for the negligence causing his injury, must have observed due or ordinary care for his personal safety; and therefore an instruction stating that rule should not be given in the absence of evidence tending to show the exercise of due or ordinary care, or evidence from which ordinary care may be inferred.

The third instruction given for the plaintiff is objectionable in form because it omits the element of comparison, which is necessary, where the plaintiff's intestate may have been guilty of some contributory negligence, as by being " improperly upon a railway track."   It is also objectionable because it practically tells the jury that they may leave out of consideration in determining whether the person is exercising " reasonable care for his safety," the fact that " he is improperly upon

APPELLATE COURTS OF ILLINOIS.

the railway track" to begin with, and limits the questions to the care exercised while there. I. C. R. R. Co. v. Wilson, 52 Ill. 294; C. & N. W. Ry. Co. v. Clarke, 2 Ill. App. 122; C., B. & Q. R. R. Co. v. Colwell, 3 Ill. App. 549; P., L. & St. L. Ry. Co. v. Goss, 13 Ill. App. 623.

But the chief objection to it is the assumption that "a person may be improperly upon a railway track" and yet "exercising reasonable care for his safety." In the case at bar by the allegations of the declaration and by the rules of law as well, the question as to whether White was exercising such care and caution for his safety as would warrant a recovery by the plaintiff, i. e., "reasonable care," depended primarily upon whether he was "by reason of his employment necessarily upon the defendant's railroad track at said point," as alleged in the declaration, and in the second place upon whether, being there properly, he used reasonable care for his safety.

It has been held invariably, as we understand it, that a railway track is a place of great danger, and that to go upon it unnecessarily, or to loiter on or walk along it, unless so required by the nature of the employment, is in itself gross negligence, and bars a recovery for anything but wilful or wanton negligence. Ill. Cent. R. R. v. Hall, 72 Ill. 225; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 350; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 513; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 534; C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 250; L. E. & W. Ry. Co. v. Zoffinger, 10 Ill. App. 258.

It does not require any argument that it is clearly erroneous to add a clause stating the rule of comparative negligence to an instruction that if guilty of the want of ordinary care in any material respect the plaintiff can not recover. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Cal. Iron & St. Co. v. Martin, 115 Ill. 370; C. & N. W. Ry. Co. v. Thorson, 11 Ill. App. 631.

Messrs. CUNNINGHAM & KEILY, and EDWARD MAHER, for appellee.

White was necessarily upon the railroad track in the discharge of his duty, and while there he exercised due care in protecting his life.

It was not necessary for us to make direct proof that White specially exercised ordinary care, but that it may appear from the circumstances of the case. Chicago & Atlantic Ry. Co. v. Carey, 115 Ill. R. 115; Missouri Fur Co. v. Abend, 107 Ill. 44.

In another case it was held: "It does not always require positive proof of the exercise of due care and diligence. Under certain circumstances it may be taken for granted that the deceased observed usual and ordinary care for his personal safety." All the circumstances tend to show the exercise of due care and caution on the part of the deceased at the time. Missouri Fur Co. v. Abend, 107 Ill. 48.

In another case it was held that "up to within a moment of the accident" he was shown to have been in the exercise of due care in his proper place, and it would do violence to the facts in the case to presume that in the instant that intervened he was guilty of negligence, in the absence of proof of any circumstances that even tend to establish the fact of negligence. Chicago, Burlington & Quincy Ry. Co. v. Gregory, 58 Ill. 272.

The question of negligence is not one for the court, but one to be ascertained and settled by the jury from all the evidence, as has been done in this case. In a case reported in 115th Ill., the Supreme Court uses these words: "Whether he was using due care, or was grossly negligent, is not a question of law to be determined by the court, but one of fact to be ascertained by the jury, under all the evidence, environments and attendant circumstances," citing many cases. I. C. R. R. Co. v. Haskins, 115 Ill. 30.

Again it is said by our Supreme Court: "It is the long settled doctrine of this court that negligence is a fact, the finding of which is clearly within the province of the jury." C. & A. R. R. v. Bonifield, 104 Ill. 224.

The instructions of the court fairly presented the questions at issue to the jury without confusion or error.

The contention of the defendant is not well founded; and its infirmity consists in a radical failure to apprehend that the instructions in their entirety, fairly and adequately presented every question of fact involved directly and clearly to the jury.

McALLISTER, J.   This was an action by appellee as the administratrix of the estate of John White, deceased, against the railroad corporation, appellant, to recover damages for negligence of the servants of the latter in the running of a switch engine against or over said White, December 19, 1883, causing an injury, as it is alleged, of which he died.   On a trial the plaintiff had judgment for $4,000 damages, and the defendant prosecutes this appeal.

The accident occurred in the morning of the above mentioned day.   The weather was severely cold.   The place was about fifty feet north of the crossing of the defendant's tracks by 41st street, the tracks running in a north and south direction upon Stewart avenue and said street east and west.   White was a carpenter in the employ of defendant, and he and another carpenter had been engaged in building a sidewalk along defendant's track from 41st street north to a "shanty" there, to be used as a station.   At the time in question, these two men were measuring their work with a tape line, and, as a matter of convenience, were, while doing so, upon the track, which ran close thereto.   A switch engine of defendant came from the south on said track, where White was so engaged as aforesaid, toward said crossing, at the rate, as the evidence tended to show, of eight or ten miles an hour, and the evidence tended to show that the statutory signals were given before reaching the crossing; that the engine driver saw White on the track a sufficient distance south of him to have stopped his engine by the use of ordinary care before reaching him and that White was apparently unaware of his danger; that the engine driver did, in fact, attempt to stop his engine and would have succeeded but for the fact that the conductor, who was riding therein, was seated with reference to the lever, so as to interfere with and prevent its proper use, for which reason the attempt failed.   As to such interference and prevention there

C. & W. I. R. R. Co. v. White.

was a conflict of testimony, but which could properly be passed upon by the jury and trial Judge, in whose presence the testimony was delivered.

It appeared, without contradiction, that a flagman, who had been habitually kept at said crossing, and less than a hundred feet from where White was, had absented himself from his place at the time said engine came.   It also appeared that there were numerous other railway tracks in that immediate neighborhood on which, at that time, there were four or five locomotives giving forth the usual discordant sounds of whistles, bells and blowing off steam at the same time.   Under such circumstances, White, inadvertently, though not unlawfully, remained upon the track, and for some reason, which can only be inferred from the circumstances, was unaware of the danger which threatened him until too late, when the engine, then almost stopped, ran over a portion of his body, inflicting injuries from which he died.

There was no conflict of testimony as to the absence, at the time, of the flagman from his proper place.   But that was material, under the circumstances of this case, only as bearing upon the question of the exercise by White of ordinary care in going upon the track and remaining there, as he did.   Upon every other element of the cause of action the testimony was conflicting, with an apparent preponderance in favor of the defendant.   In such case, accuracy in the instructions, so far as given for plaintiff, as well as in the modification of those asked for defendant, becomes highly requisite.   L. S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 83, and cases cited.

At the instance of plaintiff, the court gave to the jury this instruction:

"The jury are instructed that, although a person may be improperly upon a railway track, that fact alone will not discharge the company or its employes from the observance of reasonable care, and if such person, while exercising reasonable care for his safety, is run over and receives injuries from the accident, which injuries subsequently cause death, the company will be responsible if its employes were guilty of gross negligence and could have avoided the accident by the

exercise of reasonable and ordinary care, diligence and watchfulness."

That instruction is bad for its confusion of ideas and misleading tendency. It contains no hypothesis as to attending circumstances; as whether the engine driver had any reason to apprehend the presence on the track of deceased or other persons; whether such engine driver saw deceased in time to have stopped his engine; or whether deceased was in the exercise of ordinary care in going upon the track. It assumes to prescribe the effect of the doctrine of comparative negligence without embodying its necessary elements. I. C. R. R. Co. v. Frelka, 9 Ill. App. 605.

The defendant asked the court to instruct the jury, " that if they shall find from the evidence that White became aware of the approach of the engine in time to get off the track before being struck, and that he did not use ordinary care to do so, then the plaintiff can not recover, and their verdict must be for the defendant." This the court refused to give as asked, but adding to it the following qualification, gave it: "Unless you believe from the evidence that the servants of the defendant were guilty of gross negligence when compared with the negligence of the deceased, and that the negligence of the latter was slight when compared with that of defendant's servants, if they were so guilty of negligence."

The instruction as asked by defendant was proper and should have been given as asked. The qualification goes upon the theory that although the injured party may have failed to exercise ordinary care, yet that will amount to only slight negligence and will not defeat a recovery, if the negligence of the defendant's servants is gross when compared with it. Such is not the law. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

Those cases settle the law in this State, that in actions to recover for personal injury upon the ground of mere negligence, the want of ordinary care on the part of the person injured will defeat recovery, and the doctrine of comparative negligence has no application.

There are other errors in the record, but those specified

being of such character as to require a reversal of the judgment, we shall not waste time in pointing them out.

The judgment will be reversed and cause remanded.

*Reversed and remanded.*