THE NORTH CHICAGO STREET RAILROAD COMPANY

v.

EGBERT C. COOK.

*Street Railroads—Personal Injuries Received in Getting Upon Car—Evidence—Degree of Care Required on Part of Company—Error, When Not Reversible—Damages.*

1. An action being brought to recover damages for a broken arm received by plaintiff when attempting to board defendant's car, this court holds that, in the absence of evidence as to amount of expenses incurred by plaintiff, it was error to tell the jury that, in assessing damages, they might consider the necessary expenses resulting from the injury.

2. A non-professional man should not be permitted to tell what pain and inconvenience he suffered as the result of the injury.

3. The stopping of a street car is an invitation to would-be passengers

to get on board, and it is the duty of the company to afford to such a reasonable opportunity to do so. The company is bound to exercise the highest diligence to enable parties invited to board its cars to get upon, to ride in, and to leave its cars safely.

4. Where a person boarding a car is injured by the premature starting thereof, it is no excuse for the company that the car was signaled to start by another passenger and not by its servants.

5. Where, upon the whole record, it is obvious that the plaintiff is entitled to recover, and the damages assessed are reasonable, this court will, notwithstanding the fact that improper evidence was admitted, affirm the judgment in plaintiff's favor.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon RICHARD W. CLIFFORD, Judge, presiding.

Appellee, an old and infirm man, standing in the street, signaled one of appellant's cars to stop and let him on. The car passed him a short distance and stopped to let a woman get off. Appellee, being beckoned by passengers upon the rear steps to come on, hobbled along, and it would seem caught hold of the hand rail; he was not very active and ere he could step up, some one, a passenger apparently (the conductor denies that he did), gave a signal to go on, in consequence of which the car started, pulling appellee off his feet and leaving him lying in the street. The car stopped, the conductor and passengers ran back and it was found that appellee had sustained a serious injury. When appellee signaled the car to stop, and when he endeavored to get on, the conductor was on or near the front platform collecting fares.

The jury returned a verdict of $1,625 for the plaintiff; the court gave judgment for this sum and the defendant below appeals.

Messrs. W. J. HYNES, EDMUND FURTHMANN, and H. H. MARTIN, for appellant.

Mr. SAMUEL W. PACKARD, for appellee.

WATERMAN, P. J. The very able briefs presented by appel-

lant show what we regard as errors committed upon the trial of this cause.   In the absence of any evidence showing what amount of expense appellee had paid or incurred, we do not think that the jury should have been instructed that in estimating plaintiff's damages they might include the necessary expenses which could be treated as a necessary result of the injury. It is true, as is urged by appellee, that there are some things which a jury may consider, in the absence of direct testimony establishing the fact; but neither the average man nor the average juror has had such experience that without evidence he can say what the necessary expenses attending a broken arm are; in endeavoring without evidence to estimate as to such a matter, he must enter upon the field of mere conjecture.   C. B. & Q. R. R. Co. v. Hale, 83 Ill. 360; I. C. R. R. v. Frelka, 9 Ill. App. 605; Joliet v. Henry, 11 Ill. App. 54; Reed v. R. R. Co., 55 Iowa, 23; Duke v. R. R. Co., 99 Mo. 347.   Nor should appellee have been permitted to state what pain and inconvenience he had suffered *in consequence of* the injury. Appellee was not an expert qualified to answer pathological questions.

There is great danger of misleading in calling attention in instructions to particular bits of evidence; undue importance may thus be given to what is of little consequence or perhaps of no consequence at all, when considered with all other things shown.   Some of the instructions are objectionable in this and other respects, but taking the instructions as a whole, in which way they must be regarded, we do not think that the jury was misled to the prejudice of appellant.   The answers to the pathological question it is not likely did the defendant any harm; indeed, that a man would suffer pain and inconvenience from a broken arm is one of those things which a jury may infer without evidence.

Upon the merits, it is clear that the plaintiff was entitled to a verdict in his favor.   Appellant's car had stopped; it was not so crowded but that more passengers might get on; indeed, there is no pretense that appellant either gave notice that no more could get on or that it did not desire to receive more passengers.   Under such circumstances, the stopping of the car

North Chicago Street R. R. Co. v. Cook.

was an invitation to any person who desired to become a passenger to get on board; and it became the duty of appellant to afford such persons a reasonable opportunity to do so. Appellant is bound to exercise the greatest diligence to enable parties so invited, to get on, to ride in and get off its cars without injury. When this car stopped and appellee, having hold of the hand rail, was about to step up, for the car to start ere he had a reasonable opportunity to get safely on was presumptively negligence upon the part of appellant. What is a reasonable time for a person to get upon a car, depends to some extent upon the age and agility of the party endeavoring to do so. It is said by appellant that none of its servants gave the signal for the car to start; that the conductor was on the front platform, where his duties as a collector of fares required him to be; that consequently he did not see appellee, and knew nothing about him until after he was injured. Suppose all this to be so; how does it relieve appellant from the presumption of negligence? Appellant being bound to exercise the greatest diligence to enable appellee to enter its car without being injured in his attempt to do so, it can not plead the attention of its servants to other matters as an excuse for their want of care for his safety; nor for their failure in this regard is it a sufficient reason to say that its bell cord was so arranged that a passenger could and did signal the car to go on; all that human foresight and skill could do for the protection of appellee it was bound to do, and the evidence does not show that it had exhausted the practical resources of ingenuity, care and skill in providing for the safety of this old man.

Under the evidence shown in this record, had there been a judgment for the defendant it would have been our duty to set it aside. We ought, then, not to reverse this judgment unless we believe that by the errors committed by the trial court appellant has been prejudiced. If the judgment were much larger than it is we might feel that the result of the trial had been affected by such errors; but the verdict appears to have been the result of deliberation, not of passion or prejudice, and is no larger than in our opinion would be rendered upon a trial free from error.

In this class of cases the public have a certain interest; they bear a large portion of the expense of the litigation. A result, so far as appellant is concerned, having been reached which is as favorable to it as any that can be expected, and which does not appear to us unjust, we see no sufficient reason for granting a new trial.

*Interest reipublicae ut sit finis litium.*

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*