JOHN ZIELINSKI ET AL.

v.

FREDERICK REMUS.

*Practice.*

1. A technical answer may be considered a sufficient reply to a technical objection.

2. A clerk can only certify copies of the files of his office; he can not state extrinsic facts.

3. In the case presented, this court holds that the bill of exceptions is not a part of the record herein.

[Opinion filed January 7, 1893.]

APPEAL from the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding.

Zielinski v. Remus.

Mr. Sylvester G. Abbott, for appellants.

No appearance for appellee.

Mr. Justice Waterman. This was an action of assumpsit brought to recover an amount claimed to be due for work done upon a dwelling house belonging to appellant. There was a verdict and judgment for $300 for the plaintiff.

Various technical objections to this result are urged, some of which we might consider as serious if the record were in such a condition as to render a consideration of them imperative.

There has not been here presented a complete record of the proceedings in the court below. The certificate of the clerk of the Superior Court is that "The foregoing is a true, perfect and complete transcript of the record, except the bill of exceptions, the original of which is by agreement of the parties incorporated herein, and made a part hereof."

Turning to the agreement of the parties thus referred to, we find it to be as follows:

"It is stipulated and agreed that the original bill of exceptions may be made a part of the record." Such stipulation was of no effect. The bill of exceptions was made by the court below and thereby became a part of the record. No stipulation that the original of such bill might be incorporated in the transcript of the record, appears to have been made.

We have not found in our examination of this case any reason for concluding that the court and jury before whom the cause was tried, erred in their conclusion that the merits were with the appellee. We are therefore content to affirm this judgment upon purely technical grounds.

A technical answer may be considered a sufficient reply to a technical objection. Magner v. Trumbull, 33 Ill. App. 646.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*

*[ Upon petition for rehearing.]*

Mr. Justice Gary. The appellant has presented a petition for rehearing, arguing that to hold, as the original opinion does, that the bill of exceptions is not part of the record here, is to contradict the certificate of the clerk; that there is no particular mode of signifying to the clerk the agreement of the parties, and that such agreement is no part of the record. There has not been, to our knowledge, any discussion as to what is the right method of presenting the evidence of such agreement.

We have hitherto accepted any paper purporting to be signed by the attorneys for the respective parties, and included among the sheets of the transcript, as sufficient, although the strict rule is that nothing which is not part of the common law record can be seen by a court of review in a case at law, unless it is in a bill of exceptions.

But it is a general rule that a clerk can only certify copies of the files of his office; he can not state extrinsic facts. Pickering v. Mizner, 4 Gilm. 334; Smith v. Trimble, 27 Ill. 152; Village of Melrose v. Bernard, 126 Ill. 496; Augustine v. Doud, 1 Ill. App. 588.

Therefore his statement of the agreement of the parties, even if it was not nullified by his reference to it as " incorporated herein," goes for nothing.

*The petition is denied.*