## Rohde v. Lehman.

1. RECORD—*Original Bill of Exceptions Incorporated in the Record.* Under the act of June 15, 1878, parties may by stipulation have the original bill of exceptions incorporated in a transcript of the record without being liable to pay fees or costs therefor.

2. RECORD—*Stipulation to Incorporate Bill of Exceptions.*—A bill of exceptions is a part of the record. The court by its act made that a part of the record which otherwise would not be so. A stipulation by the parties that it be incorporated in the record of the cause has no effect.

Memorandum.—Assumpsit. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Declaration for work and labor; plea, general issue, affidavits of merit; trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 6, 1893.

The opinion states the case.

KING & GROSS, attorneys for appellant.

LOUIS WEBER, attorney for appellee.

OPINION OF THE COURT, WATERMAN, J.

We find in the record of that case a stipulation that the original bill of exceptions be incorporated in the record of this cause. Such stipulation has no effect. A bill of exceptions is a part of the record. The court by its act made that a part of the record which otherwise would not be so.

The bill of exceptions was no more a part of "incorporated in the record" after this stipulation than before. The statute provides that parties may by stipulation have the original bill of exceptions incorporated in a transcript of the record without being liable to pay fees or costs therefor. Act approved June 15, 1877.

The clerk of the Circuit Court certifies that there is incorporated in the transcript of the record, the bill of exceptions, by stipulation of the parties. There was no such stipulation.

We have before called attention to such irregularity. Zielinski v. Remus, opinion filed January 7, 1893.

Notwithstanding this, we have examined this appeal upon its merits and find no sufficient reason for interfering with the judgment of the court below.

· According to the testimony of the defendant he did not, when the plaintiff went to work for him, expect that she would not be paid wages; on the contrary, he proposed to her to make an agreement as to what she should receive; while the plaintiff testified that he promised to pay her just the same that she had received at her former place.

The instructions asked by the defendant were, therefore, properly refused. The case stood upon whether the jury would believe the evidence that plaintiff had agreed to work for nothing or the testimony that she had done nothing of the kind.

The case was fairly tried, the jury were properly instructed and we can not say that the verdict was contrary to the evidence.

The judgment of the Circuit Court is affirmed.