## Harris v. Shebeck, etc., by his Next Friend.

1. RECORD—*Stipulation as to Bill of Exceptions.*—Where the certificate of the clerk to the transcript of the record is that the original bill of exceptions "is incorporated herein by stipulation of the parties," and the stipulation itself, entitled in the cause as it was below, in the Circuit Court, stipulated that the bill of exceptions " may be incorporated in the record and be made a part thereof," it was held that such words do not make the bill a part of the record in the Appellate Court.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

NEWELL & CAMP and A. B. WILSON, attorneys for appellant.

J. F. KOHOUT, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

Shebeck, a boy fifteen years old, began to work for Harris February 18, 1891, and on the 20th was so injured that the four fingers of his left hand were amputated. For this injury he sued and recovered. There is no question as to the amount of damages; only as to the right to recover at all. If we might read what purports to be a bill of exceptions, we should find that Harris had a factory in which was machinery. Along the north side of a large room on the third floor was a clear space by which the workmen passed to and fro between the stairs on the west side of the room and the door into a smaller room to the east. South of and near to this room was a machine having cog wheels, extending southward along the east side of the large room.

Shebeck says that on the morning of the 20th, he being at work in the smaller room was ordered by the foreman to the larger room; that the foreman went first, and having gone southwardly into the larger room a considerable distance, called to Shebeck, when he was at the door, to hurry; that the light was dim, and in obeying the order of the foreman in going toward him, Shebeck fell over a pile of castings left on the floor, and putting out his left hand as he was falling, it was caught by the cogs of the machine.

Whatever conflict there may be in the testimony as to the pile of castings being there, was for the jury to decide upon, and if they found the pile was there, then the question of the negligence of the respective parties was also for them. That the cogs of the running machine might be a peril which could easily have been guarded against, and that suffering the floor to be incumbered at a place where Shebeck would naturally go in obeying the foreman's order, added to the peril, were considerations which were doubtless urged on the trial.

Observation teaches that a poor boy hurt in a factory does not need a very strong case to get a verdict, and that any instructions, short of a peremptory one to find for the defendant, have little influence upon the result.

But the bill of exceptions is no part of the record here.

The certificate of the clerk to the transcript is that the orig-
inal bill of exceptions "is incorporated herein by stipula-
tion of the parties." Turning to the stipulation itself we
find it to be one entitled in the cause as it was below and in
the Circuit Court, to all of which there is no objection, and
stipulating that the bill "may be incorporated in the record
and be made a part thereof."

We have heretofore held that such words do not make
the bill a part of the record here and refer to these cases
for the reasons: Zielinski v. Remus, 46 Ill. App. 596; Rohde
v. Lehman, 50 Ill. App. 455.

There is the less regret in thus holding, "a result, so far
as appellant is concerned, having been reached which is as
favorable to" him "as any that can be expected." North
Chicago S. Ry. Co. v. Cook, 43 Ill. App. 634.

The judgment is affirmed.