Schwartz v. Karlovsky.

## Schwartz et al. v. Karlovsky.

1. Bill of Exceptions—*Records.*—The instructions and motion for a new trial must be incorporated into the bill of exceptions if it is desired to make them a part of the record.

2. Record—*Not to Be Made by the Clerk.*—A clerk can not make that which is not legally a part of the record, so by transcribing it into the record.   The trial court makes the record; it is the duty of the clerk merely to transcribe it.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

B. M. Shaffner, attorney for appellants.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellants upon two promissory notes and recovered judgment for the amount of the notes and interest.

The appellants claimed that in other dealings the amount was reduced to a fraction of the amount recovered. The question was one of fact, and we can not review the verdict:

First. Because the bill of exceptions is not a part of the record here; the stipulation being like several others in cases we have decided, of which Zielinski v. Remus, 46 Ill. App. 596, is the earliest, and Mason v. Strong, 51 Ill. App. 482, the latest.

Second. Because, even if we could regard the bill of exceptions, the only exception taken on the trial was to refusing to permit an answer to a question by the counsel of the appellants, and the same question, in effect, was put by the counsel of the appellee soon after, and answered by the same witness; and the instructions, and motion for a new trial, are not in the bill.

It is true that as to the motion for a new trial the bill does say "heretofore copied into this record" and the clerk has, preceding the bill of exceptions, put in what he says was a motion "filed."

Now it is almost certain that the motion had not been "copied" anywhere when the bill was signed, and surely not into the record for this court, of which the clerk could not make it a part. Wilson v. Wilson, 44 Ill. App. 209.

There is nothing for us to do but to affirm the judgment.