## Mason v. Strong.

1. PRACTICE—*Filing Additional Pleas.*—As a general rule it is a matter within the discretion of the trial court to grant or to refuse to grant leave to file an additional plea.

2. RECORD—*Stipulation to Bill of Exceptions.*—A stipulation that the clerk of said court may incorporate the original bill of exceptions into the record is of no effect.

**Memorandum.**—Assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.  Heard in this court at the October term, 1893, and affirmed.  Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

EMANUEL P. BARNETT, attorney for appellant.

APPELLEE'S BRIEF, HAMLIN, HOLLAND & BOYDEN, ATTORNEYS.

The matter of allowing new and independent pleas presenting new defenses to the action to be filed, is addressed to the judicial discretion of the trial court, and the appellate courts will not interfere with the exercise of such discretionary power without it is plain there has been an abuse of such discretion.   Fisher v. Greene, 95 Ill. 94; Chicago & E. I. R. R. Co. v. O'Connor, 119 Ill. 586; Jones v. Kennecott, 83 Ill. 484; Campbell v. Powers, 37 Ill. App. 308; Ricker v. Scofield, 28 Ill. App. 32.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action upon a promissory note, by the assignee thereof.  The defendant filed a plea of the general issue, afterward, when the cause was called for trial, they asked

leave to file a special, unverified plea. The court refused to allow the filing of such plea, and such refusal is assigned as error.

It was, under the circumstance, in the discretion of the court to refuse or allow the filing of such plea, and we see no reason for thinking that its discretion was improperly exercised. The case is unlike that of Misch v. McAlpine, 78 Ill. 507; there was in the case at bar no showing, under oath, of satisfactory reasons for the plea not having been sooner filed.

The original, as we presume, of a bill of exceptions, has been inserted in the transcript, certified by the clerk of the Circuit Court. The stipulation under which this was done is that the clerk of said court may incorporate the original bill of exceptions into the record. Such a stipulation is of no effect; a bill of exceptions is a part of the record. As sent to this court we can not regard anything it alone may show. Harris v. Shebek, 51 Ill. App. 382; Rohde v. Lehman, 50 Ill. App. 455; Zielinski v. Remus, 46 Ill. App. 596.

The judgment of the Circuit Court is affirmed.