Canning v. McMillan.

---

### Patrick Canning v. Neil McMillan.

1. BILL OF EXCEPTIONS—*Agreement to Incorporate in the Transcript.* —A stipulation that the original bill of exceptions may be incorporated into the record, is void. The bill of exceptions is a part of the record without a stipulation. The statute provides that by agreement the bill may be incorporated in the "transcript of the record."

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894, and appeal dismissed. Opinion filed May 28, 1894.

KRAFT, WILLIAMS & KRAFT, attorneys for appellant.

WALKER & EDDY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Acting upon the considerations which moved the Supreme Court in Van Meter v. Lovis, 29 Ill. 488, we dismiss this appeal. We are satisfied that the appellant has no case. The bill of exceptions is no part of this record. Zielmski v. Remus, 46 Ill. App. 596, has been followed in many cases.

The fact that a stipulation is useless for the purpose expressed in it, is not enough to justify us to read it as effectual for a purpose not expressed. The stipulation is that " the original bill of exceptions * * * may be incorporated * * * into the record," which it would have been without the stipulation. The statute is that by agreement the bill may be incorporated in the " transcript of the record." Appeal dismissed.