VERNON W. HALBERT v. M. H. B. ROSENBALM ET AL.

FILED OCTOBER 22, 1896. No. 6079.

1. Trial: EXCLUDING WITNESSES: REVIEW. An application to have the witnesses excluded from the court room during the progress of the trial of the cause in which they are to be examined is addressed to the sound discretion of the trial judge. Where a request for such action is refused and no abuse of the discretion is apparent, there is no available error.

2. Review: CONFLICTING EVIDENCE. A verdict upon conflicting evidence, with sufficient evidence to sustain it, will not be disturbed.

3. ———: ISSUES IN APPELLATE COURT. In an appeal from the county court to the district court, the cause must be tried on the same issues as were tried in the county court, unless some new matter

Halbert v. Rosenbalm.

has arisen since the trial there, such as payment, etc. (*Fuller v. Schroeder*, 20 Neb., 631.)

4. Conversion of Note: MEASURE OF DAMAGES. The general rule is that in an action for the conversion of a promissory note, the measure of damages in the event of a recovery is the value of the note at the time of its appropriation, with interest thereon.

5. Negotiable Instruments: INTEREST: CONVERSION: ACTIONS. A promissory note which provided for interest annually on the principal sum evidenced by it, had been for a number of years in the possession of one who it was determined was not the owner of it or entitled to its possession, but who, during the time he had the note in possession, collected the annual installments of interest as they became due, and appropriated them to his own use. *Held*, That an action would lie and could be maintained in favor of the owner of the note for the aggregate amounts of the payments of interest so collected against the party who received and appropriated them.

6. Rulings on Evidence: HARMLESS ERROR. Alleged errors in relation to the exclusion of evidence examined, and *held* that, if any errors in the action of the court, inasmuch as evidence of a like character and to the same effect of that excluded was admitted or appeared in other portions of the evidence, both prior and subsequent to the time of its exclusion, they were without prejudice.

ERROR from the district court of Washington county. Tried below before DOANE, J.

*Charles Offutt*, for plaintiff in error.

*Jesse T. Davis* and *W. W. Slabaugh*, contra.

HARRISON, J.

This action was commenced by the plaintiff in the county court of Washington county, originally, against M. H. B. Rosenbalm of defendants, and in the petition there filed it was in substance alleged that on October 5, 1883, the defendant executed and delivered to Vilina Wild a promissory note, which was afterward, and prior to its maturity, sold by her and assigned to one Victor G. Lantry; that at the time she sold the note she indorsed the same in blank and thereby became liable for its payment; that the note was sold and assigned on the day he purchased it, by V. G. Lantry, to John S. Halbert, who soon thereafter sold and assigned it to the plaintiff, the

owner and holder thereof; that no part of the note had been paid except such sums as were thereon indorsed (the note was attached to the petition and made a part thereof), and that there was due the plaintiff from defendants on the note the sum of $740.77, for which judgment was demanded.

The defendant Rosenbalm answered, admitting the execution and delivery of the note and the amount due and unpaid, as alleged in the petition, but denied the plaintiff's ownership of the note, and alleged that the pretended indorsement of the note by Vilina Wild was a forgery, and that the assignment to plaintiff was by Victor G. Lantry, who had no interest in the note. There was a general denial of the other allegations of the petition.

Vilina Wild made application to intervene and plead and litigate her rights, and she filed what was denominated an answer, in which she admitted the allegations of the petition in regard to the making and delivery of the note to her by Rosenbalm and denied each and every other allegation in the petition contained, and further pleaded as follows:

"3. And further answering, I, Vilina Wild, allege that on or about the 5th day of October, 1883, I left the said note with Victor G. Lantry as a trustee and for safe-keeping, to be returned to me whenever same was demanded; I have demanded the same, and said Lantry refused to return the same; that I never sold, assigned, or in any way parted with the possession of said note; that the same was left in the possession of said Lantry; that it was presumed by me to be in the possession of said Lantry, as trustee, until shortly before the beginning of this suit; that Lantry never informed me, Vilina Wild, that he claimed the ownership of said note; that I, Vilina Wild, never sold or assigned said note to said Lantry, or to any person or persons; that she never made her mark on said note; that the pretended indorsement is fraudulent and unlawful, and is a forgery; that said Vernon W. Halbert

and said John S. Halbert are not innocent purchasers of said note.

"4. That the plaintiff has collected as interest on said note the following sums of money, to-wit: October 3, 1884, $65.12; November 4, 1885, $65.12; December 12, 1886, $65.12; December —, 1887, $65.12; October 5, 1888, $65.12; October 5, 1889, $65.12; October 5, 1890, $65.12; total amount, $390.72; that said interest was and is now due and owing to Vilina Wild as owner of said note.

"The said Vilina Wild prays plaintiff's cause of action may be dismissed, and that the ownership of said note may be adjudged in the intervening defendant, Vilina Wild, and that judgment may be entered against the plaintiff herein for the sum of $390.72, with interest at seven per cent per annum on the amount above stated to have been paid said plaintiff from the dates of payment thereof, and for costs of suit."

To this the plaintiff pleaded as follows:

"And now comes the said plaintiff and for answer to the petition of Vilina Wild, intervenor herein, denies each and every allegation in said petition contained, which does not admit the allegations of the petition of this plaintiff herein filed against the defendant, M. H. B. Rosenbalm, to be true.

"And this plaintiff further answering says that the said Vilina Wild should not recover as intervenor in the cause for the following good and sufficient reasons, in addition to the allegations of ownership in the petition of this plaintiff herein filed:

"1. That the said Vilina Wild is not the owner and holder of said note and is not entitled to the proceeds thereof, but sold and assigned the same and all her interest therein, sometime in the month of March, 1884, whereby her said cause of intervention should abate.

"2. That on the 18th day of October, 1890, she filed her petition in the district court of Washington county, Nebraska, against one Victor G. Lantry, praying that an accounting be had and that answer was filed therein by

said Lantry, fully accounting to her for said note and the proceeds thereof, which said issue is now joined and said cause of action and intervention has never been withdrawn from said cause, but the issues thereof are still pending in the district court of said county.

"3. That heretofore, to-wit, on the 3d day of January, 1891, the said Vilina Wild brought her action in the district court of said county against Victor G. Lantry and William H. Eller, defendants in replevin, the object and prayer of said petition being for judgment against the defendant for a return of said note and a certain mortgage therewith, or for the value thereof if the same is not returned, and for costs and damages for its detentions, and the said issues are now pending in that court."

The case at bar was tried in the county court, and from a judgment there in favor of Vilina Wild was appealed to the district court of Washington county, wherein the plaintiff filed a petition, which was, in substance, the same as that filed in the county court. Rosenbalm answered in like effect as in county court, and the answer filed for Vilina Wild did not differ materially from that filed by her in the county court, except in the amount of the recovery demanded being increased from $390.72 to $445.84.

A motion was filed for plaintiff to strike from Vilina Wild's pleading all of paragraph 4 thereof, which is the portion in which the collection of the interest on the note by the plaintiff was stated; also to strike from the prayer all reference to such interest or demand for the recovery thereof. On hearing, this motion was overruled and plaintiff was given leave to plead. The plaintiff then replied to Vilina Wild's answer, stating:

"This plaintiff objects and protests against the consideration of any matters or allegations made in said answer and objects and protests against the trial or hearing of any of the issues offered or tendered in said answer for the reason that this action was instituted in the county court of Washington county, Nebraska, which

said court has a jurisdiction limited to civil cases in any sum not exceeding $1,000, exclusive of costs, and the amount in controversy in this action, as claimed by the said defendant, Vilina Wild, in her answer and cross-petition, is more than the sum of $1,000, exclusive of costs, for inasmuch as the said Vilina Wild, in said answer, seeks to recover a promissory note of the value of $720.63 with interest from October 5, 1890, at nine per cent, and the further sum of $445.84, with interest from dates prior to said October 5, 1890, at seven per cent," and also denied each and every allegation of the third and fourth paragraphs of such answer, except as to portions in the reply expressly admitted and charged to be true, and further pleaded:

"Further replying to said answer of the defendant Vilina Wild, this plaintiff says:

"1. That this plaintiff purchased said note, as in his petition alleged, from John S. Halbert, and the said John S. Halbert purchased the same from Victor G. Lantry, the same Victor G. Lantry mentioned and named in the third paragraph of the said defendant Vilina Wild's answer; that said purchase was made from said Victor G. Lantry by said John S. Halbert, on the — day of ———, 1884, and the said John S. Halbert paid the said Victor G. Lantry therefor the sum of $729.60, and the said Victor G. Lantry received the same in execution and discharge of the trust under which he, the said Lantry, held said note.

"2. And plaintiff says that the said money so received by said Victor G. Lantry was by said Victor G. Lantry applied in discharge of the trust under which he, said Lantry, held said note, and the beneficiary of said trust received thereafter the full amount of the proceeds of said note so paid to said Victor G. Lantry, and thereby acquiesced in and ratified the sale of said note by said Victor G. Lantry.

"3. Plaintiff further says that at the time said Victor G. Lantry sold said note said Lantry was the trustee

holding the same for the said Vilina Wild as the possessor of the legal title, and for one M. B. Wild, the husband of Vilina Wild, as the owner of the equitable title to.said note, one or both, this plaintiff is not informed and cannot positively state which.

"4. That the said Vilina Wild and the said M. B. Wild, the owners of the legal and equitable title respectively to said note, have acquiesced in the sale of the same by receiving the proceeds thereof from the said Victor G. Lantry and by failing for all time since the sale of said note by the said Victor G. Lantry to John S. Halbert on the day aforesaid, to make any objections whatsoever thereto, to demand the payment of any of the interest from the maker thereof, or from this plaintiff, or the said John S. Halbert, or the said Victor G. Lantry, the said Vilina Wild and the said M. B. Wild, each and both of them, during all of said time, since the assignment of said note to said John S. Halbert, well knowing of said assignment thereof and well knowing that the maker of said note, the defendant M. H. B. Rosenbalm, was able to pay the same when due and that the same was well secured by a mortgage upon real estate, and notwithstanding that fact have never demanded any payment of said note or the interest thereon or any part thereof, either from the maker of said note or from this plaintiff, and by virtue of said laches and delay, the said Vilina Wild is estopped to assert any claims whatsoever against this plaintiff, either to said note or to the money which this plaintiff has collected thereon.

"5. That by virtue of the facts aforesaid, and by virtue of the further fact that the said Victor G. Lantry was the trustee of the defendant Vilina G. Wild and of the said M. B. Wild, he, the said Lantry, had authority to collect the said note and to indorse the same and receive the proceeds thereof, and the said Victor G. Lantry did so collect said note and receive the proceeds thereof for the use, behoof, and benefit of the owner thereof.

"6. That though said note was made payable to the

Halbert v. Rosenbalm.

said Vilina Wild, the said Vilina Wild was not the real
party in interest therein, and was not in her own right
or person entitled to the proceeds of said note, and did
not actually own the same, but that the real owner
thereof was the said M. B. Wild, and that said note was
made payable to said Vilina Wild because the same was
secured by a mortgage upon real estate in Washington
county, Nebraska, and in recording said mortgage the
record and description of the said note would necessarily
appear upon the records in the county clerk's office of
Washington county, Nebraska; that at the time the said
M. B. Wild was insolvent and unable to pay his debts,
and a number of his, said M. B. Wild's, creditors had
obtained judgment against said M. B. Wild in the courts
of Washington county, Nebraska, and were instituting
supplementary proceedings for the purpose of satisfying
their said judgments, executions on said judgments hav-
ing been returned 'no property found,' and for and on ac-
count of these facts, the said note was made payable to
the said Vilina Wild, the wife of the said M. B. Wild, in
order to prevent said M. B. Wild's creditors from know-
ing that he, the said M. B. Wild, owned said note or had
any interest therein; that said note never was the actual
property of the said Vilina Wild, nor the proceeds
thereof nor the money called for by the same, but the
same belonged to the said M. B. Wild, the husband of the
said Vilina Wild; that said Vilina Wild, at the time said
note was taken, well knew that the reason and purpose
of taking the same in her own name was as hereinbefore
stated, and that the said M. B. Wild was the real owner
thereof and that she was by law charged with the trust
of accounting to him for the full amount thereof, and the
plaintiff says that the full amount of said note has been
received and appropriated by said M. B. Wild; that the
defendant Vilina Wild fully acquiesced therein and that
she is estopped to set up any title to the same against
this plaintiff or charge this plaintiff with the amount of
said note or any sum collected thereon by reason of the
matters and facts hereinbefore stated."

To this counsel for intervenor interposed a motion to strike out all except the second defense, which was the general denial, for the reason that they presented new issues not raised and tried in the county court. This motion was overruled. In a trial of the issues to the court and a jury there was a verdict and judgment for the intervenor, and the plaintiff has prosecuted error proceedings to this court.

At the inception of the trial of the case in the district court the plaintiff requested the separation of the witnesses and also their exclusion from the court room, which request was denied. It is urged that in this there was error. It was a matter within the discretion of the trial court; the litigant was not entitled to it as a matter of right. (*Binfield v. State*, 15 Neb., 484.) There was no abuse of discretion in refusing the request which calls for a reversal of the judgment.

It was assigned for error that the verdict was not sustained by the evidence. We have carefully examined and considered the evidence. It is conflicting as to the points in the case necessarily passed upon by the jury in arriving at a verdict, but sufficient to support it, hence this assignment is of no avail.

It is argued that the cause of action stated in Vilina Wild's answer was barred by the statute of limitations. By reference to the statement of the pleadings herein, in the county court, it will be seen that the plea of the bar of the statute of limitations was not interposed in that court, either by demurrer or answer. The case being on appeal from the county to the district court, the issues for trial in the appellate court could not be different from those presented and tried in the county court unless some new matters had arisen since the trial, such as payment, release, etc. (*Fuller v. Schroeder*, 20 Neb., 631.) It is true, as we have before stated, that the judges of the district court overruled a motion to strike from the plaintiff's plea to Vilina Wild's answer the portions of it under which we presume it is claimed the bar of the statute

was stated, but, subsequently, the court refused to give to
the jury, in the charge, an instruction on the subject of
the statute of limitations and its effect upon the rights of
Vilina Wild to recover in the action, as prepared and re-
quested on behalf of the plaintiff, and wholly ignored in
the instructions to the jury the matter of the statute of
limitations as applicable in the case, thus clearly indicat-
ing that it was not considered as of the issues, and we ap-
prove of the action of the trial court in this particular,
hence the effect of the statute of limitations as an issue
need not now be considered.

In regard to the question of whether or not the inter-
venor had lost the right to the relief claimed through
laches we will say that, in view of all the facts and cir-
cumstances adduced in evidence bearing upon this sub-
ject, it was within the province of the jury to determine
it, and it was properly submitted by an instruction. The
jury settled it on conflicting evidence which was suf-
ficient to support the finding, hence it will not be dis-
turbed.

Before pleading to the answer of Vilina Wild the
plaintiff moved the court to strike from her answer all
of paragraph 4 thereof, which contained the allegations
in regard to the collection by plaintiff of interest which
accrued annually on the note, and also to strike from the
prayer of her answer all the portion in which demand
was made for the recovery of such amounts of interest.
This motion was overruled, and, under an assignment of
error as to such action, it is argued that the intervenor
could not claim ownership of the note and recovery of
interest thereon, which had, prior to the commencement
of this action, been collected by the plaintiff.   As we
read and understand the answer of the intervenor, it
denies plaintiff's ownership of the note; denies that the
intervenor ever indorsed or transferred it;  asserts her
ownership and the collection by plaintiff of the interest
installments and their appropriation by him.   The case
seems to have been presented by the attorneys for inter-

venor, and the trial proceeded at all times on the theory that Vilina Wild had been the owner of the note and entitled to the interest, which, at any time, by its terms, became due, and her consequent right to recover it, and any sums of it collected and appropriated by any person without authority so to do. It is alleged by counsel for plaintiff that the cause of action, if one for conversion, accrued when the note was appropriated by plaintiff and that the interest payments were but subsidiary to the notes and incidental, and the action for the recovery of the note necessarily one and indivisible, in which there might be a recovery of the value of the note as of the time of the conversion, but not for any interest which, by the terms of the instrument, had become due and been collected by the party in possession of the note. The general rule is, no doubt, that in an action for the conversion of a promissory note the measure of damages is the value of the note at the time of appropriation, with interest thereon. But here we have a case in which the party in possession of a note which provides for the payment of interest installments during the life of the note and before its maturity, who, after the debt was due, came into court to recover the amount thereof from the maker of the note, also the original payee who intervenes and claims ownership of the note in suit, and prays a recovery of sums of interest collected when due by the party in possession of the note, and who at no time, according to the finding of the jury, was owner of the instrument and consequently not entitled to the interest. The interest payments, it is true, were provided for by and in the note, but they were to be made at definitely designated dates, the amounts so outlined as to be ascertainable by slight computations, and the payment of each not in any manner or degree connected with the final payment of the principal, certainly not as to time, and not necessarily as to the person to whom it must be made, as it was possible that this might be different as to each payment of interest, if the ownership at each time was in a different

person.   To say that the intervenor should recover but
the face value of the note at the time of the conversion,
with interest allowed by law to date of verdict or pay-
ment, would not be exact justice between the parties.
The amount of damages to the intervenor is ascertained
and measured by the evidence.   The plaintiff, when he
made collections of interest, was not the owner of the
note; he had no right to them and his retention and use
of them were direct wrongs, as against the rights of the
intervenor.   Justice in the case would seem to demand
that the intervenor be allowed a recovery in the amount
of the value of the note, if asked, together with such inter-
est as had been collected by plaintiff, or for the aggre-
gate sum of the installments of interest collected without
including the value of the note if she desired to recover,
as she signified in her pleading herein that she did.   In
an action to recover for the conversion of corporate stock
(see *Hubbell v. Blandy*, 49 N. W. Rep. [Mich.], 502) it was
held: "In such case the bailor may recover the value of
the stock at the time of conversion, with all dividends
paid from the time of delivery, together with interest on
the value of the stock from date of conversion, and on the
dividends from date of respective payments."   (*Bank of
Montgomery v. Reese*, 26 Pa. St., 143; *Morris v. Coburn*, 9
S. W. Rep. [Tex.], 345.)

It is claimed that the trial court erred in excluding
certain evidence offered on behalf of plaintiffs.   One con-
tention is that M. B. Wild, the husband of the intervenor,
made a trade out of which arose an indebtedness in his
favor which was evidenced by the note herein involved;
that it belonged to him and was made payable to his
wife, the intervenor, as payee, pursuant to his directions,
and to induce his creditors, who were numerous and
clamorous, to believe that it was her note.   It is further
asserted that evidence of the facts just outlined was com-
petent on the issue of whether the intervenor did indorse
the note, as alleged; that it would tend to support the
allegations that she did so, for the reason that it would

tend to show that she had no real interest at stake, and hence would more readily indorse the note than if such action effected a transfer of her actual ownership of the instrument. The portion of the record to which we are referred as showing this alleged error is as follows:

Q. Will you state, please, the reason why the note was taken payable to Vilina Wild?

A. Why, the sheriff was after Milt pretty lively, and he put it in her name.

Objected to, as irrelevant, incompetent, and immaterial. Objection sustained, and plaintiff excepts.

Mr. Offutt: I offer to show by this witness that at the time the note was taken, to-wit, on October 5, 1885, it was given in consideration for property, the whole equitable and beneficial title to which was in Milton B. Wild, the person who afterwards received credit for the note, and that the note was made payable to the wife, Vilina Wild, because at that time, to-wit, on the date that the note was executed, Milton B. Wild was insolvent and being pursued by his creditors, by creditors' bills and bills of discovery, and that inasmuch as this note was to be secured by a mortgage and would appear of record, the legal title is taken in Vilina Wild while the beneficial ownership was conceded to be in Milton B. Wild.

Objected to, as irrelevant, incompetent, and immaterial. Objection sustained, and plaintiff excepts.

If the offered evidence, or any part of it, was competent and should have been admitted, which we do not decide, it was, according to the argument here, such of it as tended to establish that the real owner of the note was Milton B. Wild, and that his wife, to whom it ran in terms, had no interest therein. By a glance at the question and answer which immediately preceded the offer, and which we have just quoted, it will be noticed that it appears that the note was made to the intervenor simply because "the sheriff was after Milt pretty lively." No motion was made to strike this out of the record and it stood as evidence. Immediately preceding it appears the following:

Q. Were you present at the time this note of October 5, 1883, was executed?

A. Why, yes; it was executed at my office.

Q. Who else was present at the time?

A. I don't recall now; it was one of Milt's deals, and I think I drew up the mortgages.

Q. Do you know whether Vilina Wild was present or not?

A. Why, no, she was not there.

Q. What was done with the note immediately after it was executed or signed by Rosenbalm?

Objected to, as having been gone over.

Q. From that time until the time it was indorsed, as you stated, by Mrs. Wild?

A. Oh, I put it in Milt's package. He had a package of notes there at that time.

Q. You may state whether it went out of your office in the meantime or not. Did it go out of your office from the time it was executed until the time that the indorsement was made?

A. Never.

Q. Did Vilina Wild see the note from the time that the note was executed until the time that the indorsement was made?

A. Why, she had no knowledge of the note and never saw it.

There was other evidence given by this witness, which was to the effect that Milton B. Wild, and not the intervenor, was the owner of the note; that "there was nothing peculiar about this other than about other notes, besides this,—taken in her name, but always for Milt's benefit." There was also evidence that the transaction from which sprung this note was a trade of Milton B. Wild's, and with which the intervenor had no concern, and in which she took no part; hence, if any error in the exclusion of the offered evidence, it was without prejudice. (*Green v. Hughitt School Township*, 59 N. W. Rep. [S. Dak.], 224; *Barber v. James*, 31 Atl. Rep. [R. I.], 264; *Schwartz v. Karlovsky*, 51 Ill. App., 371.)

It follows from the conclusions reached herein on the questions presented and discussed that the judgment of the district court must be

AFFIRMED.