### Bloomington & Normal Railway v. Albertina Zimmerman.

1. STREET CARS—*Duty of the Conductor When He Knows that Passengers Desire to Alight.*—It is a duty resting upon the conductor of a street car, when he knows that passengers desire to leave his car at a certain street, to hold the car at a standstill until all of them have safely alighted, and to see that all have done so before he gives the motorman his signal to start.

2. NEGLIGENCE—*Alighting from a Street Car in Motion is Not, Per Se.*—As to whether it is negligence, *per se*, for a person to attempt to alight from a street car while it is in motion, is a question of fact for the jury to determine from the attending circumstances.

Bloomington & Normal Ry. v. Zimmerman.

**Trespass on the Case**, for personal injury. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

A. E. DeMANGE and J. F. HOFFMAN, for appellant.

LIVINGSTON & BACH, for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $708.33⅓ recovered by appellee for injuries sustained by her in being thrown to the ground by the sudden moving of appellant's street car while she was attempting to alight therefrom. The evidence shows that about ten o'clock of a night in July, 1900, appellee took passage on a south-bound car on South Main street in Bloomington with the intention of alighting at Miller street some twelve blocks south. She told the conductor in charge of the car when ·he collected her ticket that she desired to get off at Miller street. The car was crowded and the street light on the Miller street crossing was not burning. When the car arrived there, appellee was not notified and did not know· of the fact until informed by a passenger about half a minute after the car had stopped. She at once started for the rear door, following a number of other passengers who were getting off there. The rear platform was crowded, and she had some difficulty in reaching the steps. When she reached the steps, she grasped the rear hand rail and while attempting to step off she was, by the motion of the car, thrown violently to the ground. She testified to very serious injuries. There was a conflict in the testimony as to whether the car had started when appellee reached the steps. She testified that it was not until she got upon the last step and was in the act of putting her left foot upon the ground that the car started. Appellant produced testimony showing that its car had moved twenty feet or more when she reached the steps. Others testified that it did not start until she had reached the steps. It was the peculiar province of the jury to determine the truth on that point.

It is clear to our minds that the conductor was negligent in his duty toward appellee as a passenger. She had told him that she desired to leave the car at Miller street. He was standing in the aisle when she left her seat for the purpose of getting off. He must have seen her pass to the rear platform with others. He knew a number desired to leave the car there, and the duty rested upon him to hold the car at a standstill until all of them had safely alighted. While it is true that the rear platform was crowded, that appellee was short in stature and could not for that reason be seen by the conductor from where he was standing, and he doubtless supposed that all who desired to get off, were off, still the duty rested upon him to see that all were off before giving the motorman his signal to start. It was his duty to put himself in a position where he could see that, even though it required him to leave the aisle and go to the rear platform. Servants in charge of a street car which has stopped at a street crossing, are charged with the duty of seeing that passengers alighting from or boarding the car are not in a position to be endangered by suddenly putting it in motion. (West Chicago Street Railroad Co. v. Manning, 170 Ill. 417; Springfield Ry. Co. v. Hoeffner, 175 Ill. 634; North Chicago St. R. R. Co. v. Brown, 178 Ill. 187; North Chicago St. R. R. Co. v. Cook, 43 Ill. App. 634; West Chicago St. R. R. Co. v. Luka, 72 Ill. App. 60.) The fact as to when the car started is important chiefly as touching the question of contributory negligence. If the car had started when appellee had reached the steps, it is clear from her testimony that she did not know it. It may be said that it had started and was moving gradually, and if so, it is not at all strange that in the crowded condition of the platform, the darkness and appellee's anxiety to get off, she did not know it.

Under such conditions we are not inclined to hold that it was negligence on her part to step off. It is not negligence *per se* for a person to attempt to alight from a street car while in motion. (North Chicago St. R. R. Co. v. Williams, 140 Ill. 275; Cicero and Proviso St. Ry. Co. v. Meixner,

160 Ill. 320; North Chicago St. R. R. Co. v. Wiswell, 168 Ill. 613.) Whether it be negligence to do such a thing in view of the attending facts and circumstances, is a question of fact for the jury.

It is contended that appellee was not so badly injured as claimed, and that the damages awarded by the jury are excessive. In view of the conflict in the testimony on that point and the very moderate damages allowed, we are not disposed to disturb the judgment on that account.

We see nothing seriously wrong with the instructions given for appellee. The refused ones tendered by appellant were either erroneous or were covered by others that were given. The jury were liberally instructed for appellant. Judgment affirmed.