THOMAS MARTIN *et al.*

*v.*

JOSEPH FOULKE *et al.*

*Filed at Ottawa May 15, 1885.*

1. EXCEPTIONS AND BILLS OF EXCEPTIONS—*necessity of taking and preserving exceptions.* The rule in this State is inflexible that in order to take advantage of any improper ruling of the court, pending the trial of a cause, which does not relate to the pleadings or appear on the face of the judgment itself, the bill of exceptions must show an exception was taken to the same. It is not sufficient that the clerk recites in the record that exception was taken. Joinder in error and submitting the cause are not a waiver of defect in this respect.

2. Where a cause is tried by the court without a jury, and no exception is taken to the finding of the court or to the rendering of judgment, and preserved in a bill of exceptions, and no motion is made for a new trial, the finding and judgment can not be assigned for error.

APPEAL from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. THOMAS H. HUTCHINS, for the appellants.

Messrs. GARNSEY & KNOX, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment rendered by the circuit court of Will county, in an action of ejectment, wherein the appellees were plaintiffs and the appellants defendants. The declaration consists of but one count, in the usual form, alleging that the plaintiffs claim the premises in fee, but specifies no particular interest in any of them. By consent of parties the cause was tried by the court without a jury, resulting in a finding and judgment for plaintiffs. The judgment followed the declaration in finding that the premises belonged to appellees in fee.

The errors assigned are as follows: First, the court erred in rendering judgment for the plaintiffs, and against the defendants; second, that the judgment does not specify the particular estate of each plaintiff in the premises, according to the proof, and is therefore void; third, that the proof does not show title in the plaintiffs, or either of them, and therefore the judgment is void; fourth, that the proof does not warrant such a judgment in favor of the plaintiffs.

In the view we take of this case it is unnecessary to inquire whether any of the above errors are well assigned or not, for an examination of the record shows that no exception was taken to the findings of the court or to the rendering of the judgment, and that not even a motion for a new trial was made. It is true there is a recital inserted by the clerk in the record, immediately following the judgment, to the effect that such an exception was taken, but we can not regard that statement as a part of the record. If such an exception was taken, it could only have been made a part of the record by embodying it in the bill of exceptions, and we fail to find it there. The rule is inflexible that in order to take advantage of any improper ruling of the court, pending the trial of a cause, which does not relate to the pleadings or appear on the face of the judgment itself, must, in order to take advan-

tage of it in an appellate tribunal, be preserved by a proper bill of exceptions. That was not done in this case, and hence the appellants will be deemed to have waived the error complained of. To this view of the matter it is answered, that appellees, by joining in error, went to trial on the merits, and thereby waived the defect in the bill of exceptions,—and in support of this claim *Brockway* v. *Rowley*, 66 Ill. 102, is cited. We do not deem it necessary to stop to consider the case just cited, for, conceding it to be an authority in point, which we do not, we could not consistently follow it. The position of appellants, as we understand it, is this : that if the court, upon the trial of a cause, makes an improper ruling against a party, to which no exception is taken, he may, nevertheless, on appeal, assign for error the improper ruling ; and if the opposite party joins in error, the only inquiry then will be, whether, as matter of fact, the error occurred, and if it did, the complaining party may avail himself of it precisely in the same way, and to the same extent, as if the proper exception had been taken. Whatever may be the rule in this respect elsewhere, it certainly can not be the law here. The Reports of this State abound with instances of erroneous rulings by trial courts which this court has uniformly refused to consider on the ground no exceptions were taken to them, in all of which, except, perhaps, in a case now and then omitted through inadvertence, there was a joinder in error. *Miere* v. *Brush*, 3 Scam. 21 ; *Armstrong* v. *Mock*, 17 Ill. 166 ; *Gridley* v. *Capen*, 72 id. 11 ; *Hill* v. *Harding*, 93 id. 77. This practice is of too long standing, and the rule too firmly established, to admit of change now.

The only error complained of being such as we can not consider, the judgment must be affirmed.

*Judgment affirmed.*