THE VILLAGE OF MELROSE

*v.*

DANIEL E. BERNARD.

*Filed at Ottawa November 15, 1888.*

1. TRANSCRIPT OF RECORD—*clerk's certificate—of its proper office and scope.* The clerk of a court is authorized to certify, under his seal of office, to the record as it appears in his office; but when he undertakes to designate what portion of the record pertains to any particular issue, or to determine what part of the record relates to any particular matter adjudicated by the court, he acts without authority of law.

2. BILL OF EXCEPTIONS—*when necessary—presumption in support of judgment below.* On appeal or error, it will be presumed that the lower court proceeded regularly and in conformity with law, until the contrary is made to appear by the record.

3. So an assignment of error upon a ruling of the county court refusing judgment for the amount of a special tax, and reducing the amount claimed, will not be considered in the absence of a bill of exceptions showing the evidence heard. In such case it will be presumed the court acted properly.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. VALLETTE & GRIFFIN, for the appellant.

Mr. DANIEL E. BERNARD, *pro se.*

Per CURIAM: This was an application by the county treasurer and *ex officio* collector of taxes of Cook county, to the county court of that county, for judgment for a special tax, assumed to be levied by virtue of an ordinance of the village of Melrose, in said county, against the lot of appellee, and claimed to be delinquent. Numerous objections to the entering of judgment were filed by the lot owners, and, on hearing, the court rendered judgment against the lot for one-half of the special tax returned delinquent against said lot, and refused judgment for the other half. The village appealed to this court.

It is urged that the court erred in "dividing said special tax, and sustaining objections to one-half thereof," and in refusing to enter judgment therefor. This record is in no condition to present the question sought to be raised by counsel. What purports to be the record filed in this court, recites that there was, on a certain day, filed in the office of the county clerk of Cook county, "a certificate of publication of the delinquent tax list of said county, a portion of which publication is as follows, to-wit:" Then follows what purports to be a copy of a part of said certificate. In the same manner is copied what purports to be a portion of the application of the county treasurer for judgment. Then appears the order of court for a rule to file objections, etc. The objections of appellee are set out, and the final judgment of the court for $19.30,—one-half of the special tax claimed,—and refusing judgment for the residue. It is true, the clerk certifies that the record is complete in the matter of the application of the treasurer "for judgment and sale for delinquent taxes on warrant No. 47 of the village of Melrose, in said county, for a wooden sidewalk on the south side of the Elgin road, from the west side of Ninth street to Twenty-fourth avenue, in said village of Melrose." The clerk is wholly without authority to make such certificate. He is authorized to certify, under his seal of office, to the record, as it appears in his office; but when he undertakes, as here, to designate what portion of the

record pertains to any particular issue, or to determine what part of the record relates to any particular matter adjudicated by the court, he acts without authority of law. The determination of these questions is necessarily judicial in its character. (*Hake* v. *Strubel*, 121 Ill. 321.) The presumption is, that the court proceeded regularly, and in conformity with law, until the contrary is made to affirmatively appear by the record.

It is manifest, conceding that the matter contained in this record is properly before the court without being incorporated in a bill of exceptions, that it does not affirmatively appear that the parts of the files omitted by the clerk did not fully authorize the judgment of the court.

But if this was not correct, the judgment must nevertheless be affirmed. There is no bill of exceptions in the record, and, it does not appear that error has been committed by the trial court of which appellant could be heard to complain. It is said, however, no bill of exceptions is necessary, for the reason that the county court is powerless to correct the assessment, or to render judgment for less than the whole tax. No such question is necessarily presented by the record. For aught we can tell, the ordinance levying the tax, or the report of the clerk to the treasurer, provided for by section 4 of the act of 1875, (Starr & Curtis, p. 542, par. 308,) may have been introduced in evidence, as it was clearly competent to do, as showing the authority of the treasurer in applying for such judgment,—showing a levy against appellee's lot, of the exact amount, less costs, for which judgment was rendered; or it may have appeared that one-half of the tax had been paid by the owner. In either event there would be no error prejudicial to appellant, or of which it could be heard to complain. The presumption in favor of the regularity of proceedings in courts of justice must obtain until it is overcome, by showing that error has been committed.

There is no error apparent by this record, and the judgment of the county court will be affirmed.     *Judgment affirmed.*