HENRY H. GAGE

*v.*

WILLIAM C. GOUDY.

*Filed at Ottawa May 16, 1889.*

APPEAL—*what questions to be considered—absence of objections or exceptions.* The record in an action of ejectment, which was tried by the court alone, showed no exception to the judgment complained of, and the bill of exceptions mentioned no motion for a new trial, and was silent as to objections or exceptions to the finding of the trial court. The errors assigned in the record were, that the court erred in its finding of facts and entering the judgment, etc.: *Held,* that on this state of the record the errors assigned raised no question this court could consider.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Mr. W. C. GOUDY, *pro se.*

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of ejectment, by defendant in error, against plaintiff in error, to recover certain city lots in Chicago. The trial was before the court, a jury being waived by agreement of the parties, and judgment rendered for defendant in error.

The only errors assigned in this court are, first, the Superior Court erred in entering judgment against plaintiff in error, in substance, manner and form as aforesaid; second, the Superior Court erred in finding plaintiff in error guilty, in substance, manner and form as aforesaid; third, the Superior Court erred in not entering judgment that plaintiff in error go thence without day; fourth, the Superior Court erred in not finding the issues with plaintiff in error, and in not entering judgment accordingly; fifth, the Superior Court erred in its finding of facts; and sixth, the Superior Court erred in its conclusions of law.

This record shows no exceptions to the judgment complained of. The bill of exceptions mentions no motion for a new trial, and is silent as to objections or exceptions to the finding of the trial court and the judgment rendered. In this state of the record the errors assigned raise no question which we can consider. *Martin* v. *Foulke,* 114 Ill. 206; *Magill et al.* v. *Brown et al.* 98 id. 235; *Gould* v. *Howe,* 127 id. 251, and cases there cited.

The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*