# Thomas Hughes, John Attley and Winfield S. Fox v. Katerina Richter, Administratrix, etc.

1. PRACTICE—*Matters Not in Issue.*—Where the plaintiff sues in a particular character which is not put in issue by the defendant in the court below, he can not raise the point on the admission of evidence to establish the right to sue in such character for the first time in the Appellate Court.

2. APPELLATE COURT PRACTICE—*Exception to Judgment Not Taken in the Court Below.*—Where a bill of exceptions does not show that the appellant saved an exception to the action of the court in overruling the motion for a new trial, or that an exception was taken to the rendering of the judgment in the court below, the judgment will be affirmed.

3. BILL OF EXCEPTIONS—*Its Province.*—In order to take advantage in an appellate tribunal of any improper ruling of the court, pending the trial of a case, which does not relate to the pleadings, or appears on the face of the judgment itself, such ruling must be preserved by a proper bill of exceptions.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed November 18, 1895.

### STATEMENT OF THE CASE.

This suit was brought to recover damages for causing the death of John Richter, and is based on the laws of this State. Ch. 70, Sec. 1 and 2, R. S. The plaintiff recovered a judgment for $2,000.

LEVI SPRAGUE, attorney for appellants.

JONES & LUSK, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that the letters of administrator found in the record were improperly inserted therein, not having been properly admitted in evidence. Even if we were permitted to question the truth of the record submitted to this court and should find that letters of administration were not offered in evidence, it would be immaterial.

The defendant below did not, by plea, question the character in which the plaintiff brought suit; proof that she possessed such character was therefore not necessary. The Union Transit Co. v. Shacklet, 19 Ill. 232.

The judgment of the lower court in this case must be affirmed, because the bill of exceptions does not show that appellants saved an exception to the court's action in overruling their motion for a new trial and it does not appear that an exception was taken to the rendering of the judgment below. The bill of exceptions in this regard is as follows :

" Said motion to set aside the verdict of the jury and for a new trial on behalf of said defendants coming on to be heard, the court overruled said motion and entered a judgment on the verdict, in favor of plaintiff and against the defendants, for the sum of $2,000 and costs of suit. From which said judgment the said defendants then and there prayed an appeal from the judgment of the said Superior Court to the Appellate Court, First District, State of Illinois."

A motion for a new trial, and exceptions to the overruling thereof, must be preserved in a bill of exceptions. Lusk v. Parsons, 39 Ill. App. 391; Schwartz v. Karlousky, 51 Ill. App. 371; Wilson v. Wilson, 44 Ill. App. 209.

" Even if the evidence is not sufficient to sustain the verdict, the court will not reverse the judgment rendered thereon, unless it appears, from the bill of exceptions, that a motion for a new trial was made and overruled in the court below, and exceptions taken thereto at the time." Reichwald v. Gaylord, 73 Ill. 503.

" The rule is inflexible that in order to take advantage in an appellate tribunal of any improper ruling of the court, pending the trial of a cause, which does not relate to the pleadings, or appears on the face of the judgment itself, such ruling must be preserved by a proper bill of exceptions." Martin v. Foulke, 114 Ill. 206; Cochrane v. Village, etc., 138 Ill. 302; Gould v. Howe, 127 Ill. 231, and cases there cited; Gage v. Houdy, 128 Ill. 566.

The judgment of the Superior Court is affirmed.