## Wheeler Chemical Works and C. Gilbert Wheeler v. The Boston National Bank.

1.    BILL OF EXCEPTIONS—*Affidavits Read on a Motion for a New Trial.*—Affidavits read on a motion for a new trial must be preserved in the bill of exceptions.  The certificate of the clerk stating that they are the affidavits referred to in the bill of exceptions is a nullity.

**Assumpsit,** on promissory notes.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in this court at the March term, 1897.  Affirmed.  Opinion filed June 14, 1897.

H. M. PIERCE, attorney for appellants.

OTIS & GRAVES, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants first demurred to the declaration, and the demurrer being overruled, pleaded. No question is now in the case as to the demurrer, which was waived by pleading. Foltz v. Hardin, 139 Ill. 405.

The case was tried without the presence of any representative of the appellants, and whether any cause existed for granting a new trial, we can not inquire, as the affidavit upon which a motion for a new trial was based, is not in a bill of exceptions. We may not read it upon a certified copy by the clerk of the court.

Wright v. Griffey, 146 Ill. 394, is one of dozens of cases to that effect. The statement of the clerk that it is the affidavit referred to in the bill of exceptions is a nullity. Smith v. Trimble, 27 Ill. 152, Village of Melrose v. Bernard, 126 Ill. 496; Chicago, M. & St. P. Ry. v. Yando, 127 Ill. 214.

There is no error shown, and the judgment is affirmed.