Hammond v. Doty.

## Robert Hammond et al. v. Wellington Doty.

1. FORCIBLE ENTRY AND DETAINER—*Title Not Involved.*—No question of title is involved in an action of forcible entry and detainer.

2. SAME—*Possession—Squatters.*—The fact that a person claims no right of possession from any source except that he and his ancestors

were squatters, gives no right to a stranger to invade his possession and take the land from him.

3. APPELLATE COURT PRACTICE—*Insufficient Bill of Exceptions.*— Where there is no signature to the bill of exceptions and no assignment of errors upon the record there is nothing for the court to determine.

**Forcible Entry and Detainer.**—Trial in the Circuit Court of Carroll County, on appeal from a justice of the peace; the Hon. JAMES SHAW, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

J. M. HUNTER, attorney for appellants.

In this case there is no claim made but that of naked possession, and a pretended survey subsequently made of a piece of land within the meander lines of this lake, and if no other question was involved in this case to sustain the verdict the evidence must show that the plaintiff was in the undisputed possession of the entire tract claimed and not a part only, and that the possession was taken from him by all the defendants and not a part only. Thompson v. Sornberger, 59 Ill. 326; House v. Wilder, 47 Ill. 510; Spurk v. Forsythe, 40 Ill. 438; Godard et al. v. Leiberman, 18 Ill. App. 366; Humphreyville et al. v. Davis, 27 Ill. App. 142.

D. S. BERRY, attorney for appellee.

The immediate right of possession is all that is involved in an action of forcible entry and detainer, and the title can not be inquired into for any purpose. Cooley on Torts, pages 322, 323; Kepley v. Luke, 106 Ill. 395; McDole v. Shepardson, 156 Ill. 383; Phelps v. Randolph, 147 Ill. 341; Stillman v. Palis, 134 Ill. 532; Riverside Co. v. Townshend et al., 120 Ill. 16; Thomasson v. Wilson, 146 Ill. 385; Huftalin v. Misner, 70 Ill. 207; Smith v. Hoag, 45 Ill. 250; Doty v. Burdick, 83 Ill. 473; Fitzgerald v. Quinn, 165 Ill. 354.

A person in actual, peaceable possession of land is presumed to be the owner until that presumption is overcome. Title not involved. Doty v. Burdick, 83 Ill. 473; Ill. & St. L. R. R. & Coal Co. v. Cobb, 94 Ill. 63; Gosselin v. Smith, 154 Ill. 74.

Hammond v. Doty.

MR. JUSTICE DIBELL delivered the opinion of the court.

Wellington Doty sued Robert Hammond and others before a justice of the peace in forcible detainer for the recovery of the possession of about forty acres of land in Carroll county. Plaintiff had judgment there by default, and defendants appealed to the Circuit Court, where there was a jury trial, and a verdict and a judgment for plaintiff. Defendants appeal to this court.

Plaintiff proved his father, Timothy Doty, took possession of the land here in dispute in 1876, and fenced it in on three sides, the waters of Dyson or Sunfish Lake being on the fourth or south side; that Timothy Doty occupied and used it for cutting hay and tillage till his death; that the widow and legal representatives of Timothy Doty thereafter occupied it or leased it to others under the same claim of right; that in 1895 and the subsequent years said widow rented it to plaintiff; that in 1897 the defendants, who occupied the land next west, broke down the fence between the two pieces and seized this land from plaintiff, and took possession of it without any color of right; and plaintiff thereupon brought this suit. Defendants sought to show the land was within the meandered lines of the lake and that no title thereto from the United States could have been obtained by plaintiff. They complain because the court would not admit this proof. No question of title was involved. Defendants do not claim to have any right to possession from any source. If plaintiff and his father before him were squatters, that gave defendants no right to invade their possession and take the land from them. The facts were not controverted, and no verdict except for plaintiff could have been rendered. It is not shown that any rulings of the court were erroneous.

After having examined the case thus far we are unable to find in the record any signature to the bill of exceptions (the abstract in that respect containing matter not in the record), nor any assignment of errors. The record therefore presents nothing for our determination. The judgment is affirmed.