## Robert Hammond, William Hammond and James M. Hunter v. Wellington Doty.

1. PRACTICE—*Bill of Exceptions.*—It is for the trial judge to certify in the bill of exceptions what rulings were made by him and what exceptions were taken before him at the trial. In the absence of an exception to the ruling or judgment of the court appearing in the bill of exceptions, the sufficiency of the evidence to support the finding is not presented for decision.

2. SAME—*When Admission of Incompetent Evidence Will Not Require Reversal.*—In a cause tried by the court without a jury, the admission of incompetent evidence will not require a reversal if there is sufficient competent proof to sustain the finding.

Debt.—Appeal from the Circuit Court of Carroll County; the Hon. JAMES S. BAUME, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

JAMES M. HUNTER, *pro se*, and FRANK J. STRANSKY, attorney for appellants.

D. S. BERRY, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
Wellington Doty recovered a judgment before a justice

of the peace of Carroll county in an action of forcible entry and detainer brought by him to recover possession of a certain piece of land. Two of the defendants perfected an appeal by filing a bond before the justice of the peace in the penal sum of $400, which the justice approved. In the Circuit Court the trial resulted in a like judgment which was affirmed in Hammond v. Doty, 84 Ill. App. 19 and 184 Ill. 246. A writ of restitution was then issued and served, and Doty was placed in possession of the premises. Doty then brought this action of debt upon the appeal bond given before the justice, and upon a trial before the court without a jury recovered a judgment in debt for $400, and awarding the plaintiff $400 damages and costs, the debt to be satisfied upon payment of the damages. This is an appeal by defendants from that judgment.

Errors in pleading were committed by both plaintiff and defendants, but no rulings upon the pleadings are assigned for error. The case was tried upon the pleas of *non damnificatus* and *non est factum*. No propositions of law were presented. The bill of exceptions does not show that defendants made a motion for a new trial or excepted either to the finding or to the judgment of the court. The clerk in his record has undertaken to show exceptions were taken but such exceptions can not be preserved by the statement of the clerk. It is for the trial judge to certify in the bill of exceptions what rulings were made by him and what exceptions were taken before him at the trial. In the absence of an exception to the finding or judgment of the court appearing in the bill of exceptions the sufficiency of the evidence to support the finding is not presented for decision. (Martin v. Foulke, 114 Ill. 206; Firemen's Ins. Co. v. Peck, 126 Ill. 493; Gage v. Goudy, 128 Ill. 566; Cochran v. Village of Park Ridge, 138 Ill. 295; Bailey v. Smith, 168 Ill. 84; C., B. & Q. R. R. Co. v. Hazelwood, 194 Ill. 69; Mayor of Roodhouse v. Briggs, 194 Ill. 435.) Under the principles announced in the cases above cited and in many others, this record does not present for decision many of the questions argued by appellants. The pleadings also

do not put in issue some of the defenses which appellants chiefly rely upon in this court.

If, notwithstanding the omissions above referred to, the rulings of the court upon the evidence are presented for decision, it is sufficient to say of them (1) that the supposed variance between the bond and the declaration was not made the ground of objection to the bond, and the variance was not pointed out so it could be obviated by amendment; (2) that the difference between the description of one side of the tract in the bond and declaration as a certain quarter section line " *extended* west," and the language in a question put to a witness describing it as said quarter section line " *extending* west," was immaterial, and that the variance was not pointed out at the trial; (3) that the statement of plaintiff on cross-examination in a single answer that the land was in section 31, was evidently a mistake, as he had previously testified it was in section 30, and all the proof shows it was, and no attention was called to the matter during the trial so it could be corrected; (4) that though some of the witnesses who testified to the value of the use and occupation did not know the legal description of the premises, yet they did know it as the land in dispute between Doty and the Hammonds, and there was no proof that any land was in dispute between those parties except that described in the bond and declaration; (5) that the right of the plaintiff to the possession of the premises as against defendants was settled in the forcible entry and detainer suit; and if it could be again litigated in this suit on the appeal bond defendants filed no plea presenting such an issue; (6) that the questions the court refused to permit to be put by defendants to plaintiff on cross-examination, and of which complaint is specially made, were not proper cross-examination; and (7) that if any witness to the value of the use and occupation placed his estimate in any respect upon an erroneous basis, there was no jury to be misled by it; and defendants were not harmed by it, as the competent proof showed the damages plaintiff had suffered exceeded the penalty of the bond. In a cause tried by the court

without a jury the admission of incompetent evidence will not require a reversal if there is sufficient competent proof to sustain the finding.   (Palmer v. Meriden Britannia Co., 188 Ill. 508.)

The judgment is therefore affirmed.