THE PEOPLE *ex rel.* Henry McGough, County Collector,

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Opinion filed December 16, 1902.*

| 200 | 289 |
| 208 | ¹622 |
| 110a | ¹604 |
| 200 | 289 |
| 113a | ¹422 |
| 114a | ² 32 |
| 200 | 289 |
| 115a | ¹291 |
| 115a | ¹410 |

1. PRACTICE—*objections and exceptions to judgment must be preserved by bill of exceptions.* The authority to certify that an objection was made and an exception taken to the action of the court in entering judgment is in the presiding judge and not the clerk, and such matters can only be preserved for review by bill of exceptions.

2. SAME—*bill of exceptions essential though case is tried without a jury.* It is essential to the review of a case tried without a jury that an exception to the judgment of the court be preserved in the bill of exceptions, unless there are errors of law which appear on the face of the record as properly made up by the clerk.

APPEAL from the County Court of Kane county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

H. J. HAMLIN, Attorney General, W. J. TYERS, State's Attorney, and RUSSELL & HAZELHURST, for appellant.

BOTSFORD, WAYNE & BOTSFORD, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application by Henry McGough, in his official capacity as county collector of Kane county, to the county court of Kane county, for judgment against certain real estate of the appellee company alleged to be delinquent for the taxes for the year 1901. Objections to the rendition of judgment were filed by the appellee company and sustained by the court. This appeal, prosecuted in behalf of the county collector, seeks reversal of such judgment of the county court.

Appellant asserts the only ground of objection to the rendition of judgment against the property in question was that the description was insufficient. The premises consisted of a parcel of land in section 2, town 39, north, range 7, in the county of Kane, and another parcel in

200—19

section 11, in the same town, range and county. The parcels were, respectively, described in the application of the collector, as appears from the objections, as lot 4 of the south-west quarter of said section 2 and lot 1 of the north-west quarter of said section 11. The defense presented was, that the plat by virtue whereof the parcels of land were described as lots 1 and 4 aforesaid, was intended to have been executed under the provisions of sections 62 and 63 of the Revenue act, and that such plat had not been executed, authorized and certified as required by the provisions of said statute, and that the descriptions of the lots as given on the plat were insufficient to identify the premises. The error assigned is, that the court erred in adjudging, from the evidence presented by the respective parties, that the objections were well taken.

It does not appear from the bill of exceptions that an objection was preferred or any exception taken to the finding and judgment of the trial court. In the transcript of the proceedings prepared by the clerk of the county court it is recited that the appellant collector excepted to the ruling and judgment of the court sustaining the objections of the appellee company. This action of the clerk is extra-official. The authority to certify that an objection was made and exception taken to the action of the court in entering judgment rested in the presiding judge of the court,—not in the clerk. Such an objection can only be preserved and brought to our judicial notice by being incorporated into the bill of exceptions. (*Martin* v. *Foulke*, 114 Ill. 206; *Gould* v. *Howe*, 127 id. 251; *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood*, 194 id. 69.) "The rule is inflexible that in order to take advantage of any improper ruling of the court, pending the trial of a cause, which does not relate to the pleadings or appear on the face of the judgment itself, must, in order to take advantage of it in an appellate tribunal, be preserved by a proper bill of exceptions." (*Martin* v. *Foulke, supra.*)

Whether a judgment rendered by the court sitting without a jury is supported by the evidence heard on the trial cannot be inquired into unless an exception was entered to the findings and the judgment. (*Illinois Central Railroad Co.* v. *O'Keefe*, 154 Ill. 508.) In *Cochran* v. *Village of Park Ridge*, 138 Ill. 295, we said (p. 302): "The decisions of this court are uniform, and the law may be regarded as well settled, that where a case is tried by the court without a jury, and no exception is taken to the finding of the court or to the rendering of judgment and preserved in a bill of exceptions, the finding and judgment cannot be assigned for error.—*Martin* v. *Foulke*, 114 Ill. 206; *Firemen's Ins. Co.* v. *Peck*, 126 id. 493." The errors alleged to have intervened in the cause at bar do not appear upon the face of the record as made up by the clerk, and in such state of case it must be made to appear by a bill of exceptions that an exception was taken to the action of the court in entering the judgment. *Wiggins Ferry Co.* v. *People*, 101 Ill. 446.

Counsel are in error in supposing the case last cited, and the cases of *Randolph* v. *Emerick*, 13 Ill. 344, *People* v. *Dragstran*, 100 id. 286, and *McChesney* v. *City of Chicago*, 151 id. 307, are authority for the view that it is not essential to the review of a cause tried by the court without a jury that an exception to the finding and judgment of the court should be preserved in the bill of exceptions. In each of such cases the errors were of law and appeared on the face of the record as made by the clerk, and for that reason a bill of exceptions was unnecessary to bring the question in review in this court. But in the case at bar the record, on its face, does not disclose any error, and a bill of exceptions is necessary to support the insistence of appellant that error intervened.

We can only affirm the judgment.

*Judgment affirmed.*