Burch v. Goodenough.

---

Harrison D. Burch v. George E. Goodenough.

1. APPELLATE COURT PRACTICE—*Where Trial is by Court and No Propositions of Law Are Submitted.*—Where the cause is tried by the court without a jury and no propositions of law are submitted to the court for its rulings, the record presents no questions of law for the consideration of this court.

2. SAME—*Clerk Has No Power to Certify What Exceptions Were Taken on the Trial of a Cause.*—It is not within the power of the clerk to certify what exceptions were taken on the trial of a cause. This can only be done by the presiding judge, by a bill of exceptions.

**Transcript from Justice of the Peace.**—Appeal from the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

H. C. WARD, attorney for appellant.

L. T. STOCKING, attorney for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This was a suit brought by appellee against appellant before a justice of the peace to recover the expense of rebuilding, by appellee, what is claimed to be appellant's portion of a division fence, between the lands of the respective parties. Appellee recovered before the justice of the peace and appellant appealed to the Circuit Court, where a judgment was again rendered in favor of appellee for the same amount as was rendered before the justice of the peace, and the appellant brings the cause here by appeal.

The cause was tried by the court without a jury. The bill of exceptions does not contain any recital as to what the findings and judgment of the court were nor any exception thereto. No propositions of law were submitted to the court for its rulings, and the record, therefore, presents no question for our consideration. In the transcript of the proceedings, prepared by the clerk of the Circuit Court, it is recited that the appellant excepted to the finding and judgment of the court. It is not within the power of the clerk to certify what exceptions were taken on the trial of a cause. This can only be done by the presiding judge, by a bill of exceptions.

Upon this question the Supreme Court said, in People v. C. & N. W. Ry. Co., 200 Ill. 289 :

"It does not appear from the bill of exceptions that an objection was preferred or any exception taken to the finding and judgment of the trial court. In the transcript of the

proceedings prepared by the clerk of the County Court it is recited that the appellant collector excepted to the ruling and judgment of the court sustaining the objections of the appellee company. This action of the clerk is extra-official. The authority to certify that an objection was made and exception taken to the action of the court in entering judgment rested in the presiding judge of the court, not in the clerk. Such an objection can only be preserved and brought to our judicial notice by being incorporated into the bill of exceptions.

" It is immaterial that the recitals in the orders entered by the clerk may show exceptions to the judgment, and the submission and rulings thereon of propositions of law under the forty-second section of the Practice act. These are matters that can only become a part of the record by being incorporated in the bill of exceptions, and the clerk's recitals in that respect are, therefore, extra-official, and of no legal effect." Gould v. Howe, 127 Ill. 251, and cases cited.

No question being presented to us by this record for our consideration the judgment is affirmed.