ALBA M. JONES et al.

v.

THE VILLAGE OF MILFORD

*Opinion filed April 20, 1904.*

1. APPEALS AND ERRORS—*objection to finding of court must be preserved by bill of exceptions.* An exception to the finding and judgment of the lower court, which does not relate to the pleadings or appear upon the face of the judgment itself, can be preserved for review only by an exception duly taken in the court below and preserved by a bill of exceptions.

2. SAME—*what not sufficient to present assignments of error for review.* A recital by the clerk, in the transcript of the record of a special tax proceeding, that upon judgment of confirmation being entered the defendants prayed an appeal, does not present for review the errors assigned upon the record which only question the finding and judgment of the county court.

APPEAL from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

ROBERT DOYLE, for appellants.

MORRIS & HOOPER, McCLELLAN KAY, and J. H. DYER, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Iroquois county for the confirmation of a special tax, according to frontage, upon the property benefited, for the paving and curbing of a part of Axtell avenue, including street and alley intersections, in the village of Milford. The appellants appeared and filed objections as to their property. The legal objections were overruled, a jury was waived, and the questions of benefits and whether they had been properly apportioned were submitted to the court, which questions were decided adversely to the appellants and the special tax was confirmed.

The only manner in which the correctness of the finding and judgment of the county court in confirming the special tax is attempted to be challenged in this court by the appellants is by a recital in the transcript prepared by the clerk of the county court, to the effect that upon judgment of confirmation being entered the appellants prayed an appeal to this court, which was allowed. This is not sufficient to bring before this court for review the errors assigned upon the record, which only question the finding and judgment of the county court. This court has repeatedly held that an objection to the finding and judgment of a lower court, which does not relate to the pleadings or appear upon the face of the judgment itself, can be preserved for review in this court only by an exception duly taken in the court below and preserved by bill of exceptions. (*Martin* v. *Foulke*, 114 Ill. 206.) In *Bailey* v. *Smith*, 168 Ill. 84, after setting out section 60 of the Practice act, it was said (p. 85): "It is only a decision so excepted to that can be assigned for error, and the exception can only be taken and preserved by means of a bill of exceptions. The errors here assigned question only the finding and judgment, and the record contains no exception to such finding or the judgment rendered, neither of which is so much as mentioned in the bill of exceptions." And in *People* v. *Chicago and Northwestern Railway Co.* 200 Ill. 289, on page 290 the court said: "It does not appear from the bill of exceptions that an objection was preferred or any exception taken to the finding and judgment of the trial court. * * * The authority to certify that an objection was made and exception taken to the action of the court in entering judgment rested in the presiding judge of the court,—not in the clerk. Such an objection can only be preserved and brought to our judicial notice by being incorporated into the bill of exceptions." And in *Cincinnati, Indianapolis and Western Railway Co.* v. *People*, 205 Ill. 538, on page 541 it was said: "No proposition of law respecting those taxes was sub-

mitted, and the only complaint is, that the final judgment of the court upon the law and the evidence was wrong. There was no exception to that judgment, and as to those taxes it must be affirmed."

As the questions sought to be presented for our consideration on this appeal were not preserved in such manner that they can be reviewed by this court, the judgment of the county court must be affirmed.

*Judgment affirmed.*