## Herman Fisher, Jr., v. John Lederer.

### Gen. No. 4,388.

1. BILL OF EXCEPTIONS—*when, does not present cause for review.* Where the bill of exceptions shows a motion for a new trial but does not show what disposition was made thereof and no exception to the ruling of the court made thereon, no cause for review is presented; such motion, likewise, cannot be cured by the recitals of the clerk contained in the record proper.

Action of assumpsit. Appeal from the County Court of Lake County; the Hon. DeWITT L. JONES, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

BENJAMIN H. MILLER, for appellant.

ORVIS & EDWARDS, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This was an action brought by appellee against appellant for money claimed to be due appellee for labor and services rendered appellant. Plaintiff below recovered and defendant brings the case here by appeal. The recovery was for a balance of $7 claimed to be due appellee for a month's work from March 3 to April 3, 1903, and $20 per month for three months from April 3 to July 3, of the same year. Appellant admits the correctness of the item of $7, but as to the balance of the claim his defense is that he employed appellee to work for him ten months from April 3 for $200; that appellant left without permission and without cause at the end of three months, and the contract of employment being an entire contract, no recovery can be had for the time appellee worked. This record presents no question for our determination. The bill of exceptions contains a motion for a new trial but does not show what disposition was made of the motion, and contains no exceptions to the ruling of the court made thereon. There is a recital in the transcript of the record prepared by the clerk of the trial court, that the court overruled the motion and that appellant excepted to the ruling; but it has been repeatedly held that it is not within the power and authority of the clerk to certify that objections were made or exceptions taken to the rulings and actions of the court. This authority rests in the presiding judge alone, and the only way appellant could have brought the rulings of the court in overruling the motion for a new trial and rendering a judgment on the verdict before us, would have been to have excepted to the court's ruling and have had the exception preserved in the bill of exceptions. People v.

C. & N. W. Ry. Co., 200 Ill. 289, and cases there cited; Burch v. Goodenough, 110 Ill. App. 603. No question, therefore, being presented for our consideration, the judgment of the court below is affirmed.

*Affirmed.*