## Wilmington Star Mining Company v. Nicholas Gustat, by his next friend.

### Gen. No. 4,451.

1. ERRORS—*when not presented for review.* Where the bill of exceptions does not contain the instructions given and refused, nor any exceptions to the ruling of the court with respect thereto, nor a motion for a new trial, nor the ruling of the court thereon, nor any exception thereto, nothing is saved for consideration on appeal; and these omissions cannot be supplied by the recitals of the clerk contained in the transcript of the record.

Action on the case for personal injuries. Appeal from the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

D. R. ANDERSON and A. R. JORDAN, for appellant.

E. L. CLOVER and DONAHOE, McNAUGHTON & McKEOWN, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Nicholas Gustat was injured while working in appel-

Wilmington Star Mining Co. v. Gustat.

lant's mine and brought suit by his next friend to recover damages therefor.    Upon a trial by jury he was awarded a verdict for $1,000.    He filed a remittitur of $5, whereupon the court rendered judgment in his favor for $995, and from this judgment defendant below has prosecuted this appeal.

Appellant in its brief and argument insists the court erred in admitting and refusing to admit testimony, in refusing certain instructions, and also that the verdict is contrary to and not supported by the evidence.    None of these questions are presented by the record in this case for our consideration.    The bill of exceptions does not contain the instructions given and refused nor any exception to the ruling of the court with respect thereto, nor does it contain a motion for a new trial or the ruling of the court thereon, or any exception thereto.    In this state of the record no question is saved for our consideration.    Hawley v. Huth, 114 Ill. App. 29, and cases there cited.

In the transcript of the proceedings prepared by the clerk and preceding the bill of exceptions, appear certain instructions marked " Given" and others marked "Refused," also what purports to be a motion for a new trial, and the clerk has certified that appellant excepted to the ruling of the court in denying the motion for a new trial, and in rendering judgment on the verdict.    It has been repeatedly held by the Supreme Court and this court, that it is not within the power of the clerk to certify what exceptions were taken on the trial.    This can only be done by the presiding judge by a bill of exceptions.    Some of the cases where this was held are People v. C. & N. W. Ry. Co., 200 Ill. 289; Gould v. Howe, 127 Ill. 251; Burch v. Goodenough, 110 Ill. App. 603.

The judgment is affirmed.

*Affirmed.*