THE CITY OF CHICAGO

*v.*

OGDEN, SHELDON & Co. *et al.*

*Opinion filed June 19, 1907.*

1. APPEALS AND ERRORS—*when bill of exceptions is necessary.* Upon appeal from a judgment of the county court sustaining the legal objections to a special assessment a bill of exceptions is necessary, where a consideration of the evidence is required in order to determine whether the court erred in sustaining such objections.

2. SAME—*when exception to final order must be saved by bill of exceptions.* An exception to the final order of the county court sustaining the legal objections to a special assessment can be preserved only by a bill of exceptions, and not by a recital of the clerk in the record.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

WILLIAM J. DONLIN, JOHN WAGNER, and LOUIS J. DELSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a petition in the county court of Cook county for the confirmation of an assessment (called in this proceeding a *new* assessment) for an unpaid balance for the cost of building a system of streets in Chicago. The ordinance in the case sets out that the work on said streets had already been done in good faith under prior ordinances passed in 1902 and 1904. Appellees, Ogden, Sheldon & Co., filed twenty-seven objections to the confirmation of this assessment, and the other appellees, by their counsel, filed one hundred and sixteen. After hearing on these objections the court entered an order which is in part as follows: "Said cause coming on to be heard upon the legal objections by said objectors to said assessment, after a hearing it is ordered by the court that said legal objections * * * be and the same are hereby sustained and petition dismissed. To which ruling of the court the said petitioner, the said city of Chicago, by its attorney, now here duly excepts and prays an appeal to the Supreme Court." The order also found that a bill of exceptions could be filed within thirty days. No bill of exceptions appears in this record.

Appellant assigned as error and insists that the court erred in holding that this proceeding was a supplemental assessment brought under section 59 of the Local Improvement act. There is nothing in the record before us to indicate that the court so held. Many of the legal objections found in this record, if sustained, would have required testimony other than that found in this record. Such testimony may have been heard by the court. A bill of ex-

ceptions not having been filed, it is impossible to tell from
the order of court why or what legal objections were sus-
tained.  The presumption in favor of the regularity of pro-
ceedings in court will obtain until overcome by a showing
that error has been committed.  If error was committed it
is necessary to have it shown by bill of exceptions.  (*Vil-
lage of Melrose* v. *Bernard,* 126 Ill. 496; *People* v. *Drain-
age Comrs.* 156 id. 614.)  Moreover, the appellant did not
properly preserve its exception to the ruling of the court.  In
*People* v. *Chicago and Northwestern Railway Co.* 200 Ill.
289, this court said : "The authority to certify that an ob-
jection was made and exception taken to the action of the
court in entering judgment rested in the presiding judge of
the court,—not in the clerk.  Such an objection can only be
preserved and brought to our judicial notice by being in-
corporated into the bill of exceptions." In *Jones* v. *Village
of Milford,* 208 Ill. 621, we said : "This court has repeat-
edly held that an objection to the finding and judgment of
a lower court which does not relate to the pleadings or ap-
pear upon the face of the judgment itself can be preserved
for review in this court only by an exception duly taken in
the court below and preserved by bill of exceptions." To
the same effect are *City of Chicago* v. *Mecartney,* 216 Ill.
377; *Firemen's Ins. Co.* v. *Peck,* 126 id. 493; *Cochran* v.
*Village of Ridge Park,* 138 id. 295; *Grand Pacific Hotel
Co.* v. *Pinkerton,* 217 id. 61.

The exception to the finding of the trial court being only
preserved by the clerk and not by bill of exceptions, appel-
lant is in no position to take advantage of the error, if any,
of the trial court in sustaining the legal objections and dis-
missing the petition.

The judgment of the county court must therefore be
affirmed.                                    *Judgment affirmed.*