## W. O. Shively v. Estella Dean.

1.  FINDING OF COURT—*when not subject to review.*  Where it nowhere appears in the bill of exceptions filed in a cause that any objection was made or any exception taken to the finding and judgment of the trial court and where it does not appear that any objections were made and exceptions preserved to the court's rulings upon propositions of law, there is nothing preserved for review.

2.  EXCEPTION—*what not sufficient.*  A recital of an exception contained in the clerk's transcript of the daily record of court proceedings, is not such an exception as will preserve a ruling for review.

Action commenced before justice of the peace.  Error to the Circuit Court of Fayette county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1907. Affirmed.  Opinion filed September 13, 1907.

F. M. GUINN, for plaintiff in error.

WILLIAM McCONIGA, E. B. SPURGEON and ALBERT & ROE, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

The plaintiff in error was plaintiff below in a suit brought against the defendant in error before a justice of the peace to recover for labor performed under a building contract. The justice rendered judgment for the defendant, from which the plaintiff appealed to the Circuit Court, where another trial by the court without a jury again resulted in a finding and judgment for the defendant. The record is brought by the plaintiff to this court for review on writ of error. It nowhere appears in the bill of exceptions filed in this case, that any objection was made or any exceptions taken to the finding and judgment of the trial court. Nor does it appear that objections were made and exceptions preserved to the court's ruling upon propositions of law submitted. In this condition of the record the finding and judgment of the trial court may not be challenged in this court. "The rule is inflexible that in order to take advantage of any improper ruling of the court, pending a trial of a cause which does not relate to the pleading or appear on the face of the judgment itself, must, in order to take advantage of it in an appellate tribunal, be preserved by a proper bill of exceptions." Martin v. Foulke, 114 Ill. 206; Fireman's Ins. Co. v. Peck, 126 Ill. 493. It appears in the clerk's transcript of the daily record of court proceeding that the defendant excepted to the judgment rendered and prayed an appeal. But this was not sufficient nor within the rule as stated above, for the reason, that the action of the clerk in reciting that defendant excepted to the judgment was extra-official. "The authority to certify that an objection was made and exception taken to the action of the court in entering judgment rested in the presiding judge of the court—not in the clerk. Such an objection can only be preserved and brought to our judicial notice by being incorporated into the bill of exceptions." People v. C. & N. W. Ry. Co., 200 Ill. 289.

For the reasons indicated there is no question of law or fact affecting the validity of the judgment now before us, and therefore the judgment of the Circuit Court must be affirmed.

*Affirmed.*