## George H. Fitzgerald, Defendant in Error, v. J. C. James, Plaintiff in Error.

### Gen. No. 5315.

1. APPEALS AND ERRORS—*when exception must be preserved.* An exception can only be preserved by a bill of exceptions. An entry by the clerk in the record that a party excepted has no effect and cannot supply the place of a bill of exceptions.

2. APPEALS AND ERRORS—*when exceptions must be preserved.* An

exception must be taken at the term at which the ruling is made to which it is desired to preserve an exception, and the bill of exceptions must be filed at that term or within such further time as the court may at that time grant for the purpose.

Action commenced before justice of the peace. Error to the County Court of Lake county; the Hon. DE WITT L. JONES, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

COOKE, POPE & POPE, for plaintiff in error.

ERNEST S. GAIL, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

George H. Fitzgerald brought suit before a justice of the peace against J. C. James, George H. Holt and the Manhattan Motor Car Company. Judgment for $200 was rendered on September 23, 1908, against all the defendants. The defendants appealed to the County Court. At the April term, 1909, of the County Court, after the case was partially tried before a jury, the plaintiff dismissed as to the Manhattan Motor Car Company, and on motion of the remaining defendants a juror was withdrawn and the case continued. At the October term, the case was again set for trial and upon being reached the plaintiff dismissed as to the defendant Holt, and on motion of plaintiff the appeal of James was dismissed with a procedendo to the justice. Afterwards, in September, 1910, James made a motion to have an exception entered *nunc pro tunc* as of the October term, 1909, and filed an affidavit made by his attorney setting forth that James was at the time of the dismissal represented by his attorney who orally excepted to the order of dismissal. The court overruled the motion, and James prosecutes this writ of error.

An exception can only be preserved by a bill of exceptions. Had the motion of James been allowed, still an entry by the clerk in the record, that a party ex-

cepted, has no effect, and cannot supply the place of a bill of exceptions. People v. C. & N. W. Ry. Co., 200 Ill. 289; Jones v. Village of Milford, 208 Ill. 621.

There is no bill of exceptions to the order dismissing the appeal entered at the October term, 1909, but only a bill of exceptions to the order of the County Court overruling the motion to have an exception entered *nunc pro tunc* made several terms later. An exception must be taken at the term at which the ruling is made, to which it is desired to preserve an exception, and the bill of exceptions must be filed at that term or within such further time as the court may at that time grant for the purpose. Finch and Co. v. Zenith Furnace Co., 245 Ill. 586. On an appeal from the judgment of a justice of the peace, properly perfected to the County Court, the matter stands for trial *de novo* and the court may not dismiss the appeal for want of prosecution. However, there is no exception to the order dismissing the appeal and the order itself does not show for what reason the appeal was dismissed. If plaintiff in error or his attorney was present in court at the time of the dismissal he should have taken a bill of exceptions at that time that would show wherein he claims the court erred in dismissing the appeal. The appeal may have been properly dismissed for some good and sufficient reason. This court will not assume that the dismissal was erroneous, in the absence of a bill of exceptions showing the proceedings. There is no other question raised by the record in this case for our consideration and the judgment is affirmed.

*Affirmed.*