## John Gerdowsky, Appellant, v. Frank Zawlewicz, Appellee.

### Gen. No. 17,466.

1. APPEALS AND ERRORS—*bill of exception.* An exception to the judgment in a cause tried by the court must be shown by the bill of exceptions to authorize a review thereof on the law and the evidence.

2. APPEALS AND ERRORS—*preservation of exceptions.* The fact that the clerk's record contains a recital that the defendant excepted to the judgment in a cause tried by the court is not sufficient to authorize a review of such judgment on the law and the evidence.

Appeal from the County Court of Cook county; the Hon. WIL-LIAM C. DE WOLF, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

THEO. PROULX, for appellant.

RUDOLPH H. WOLLNER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action by appellant against appellee in the County Court the declaration consisted of a count in trespass and one in trover, to each of which defendant filed a plea of not guilty. The trial by the court resulted in a finding and judgment for the defendant.

One of the errors assigned is that the court erred in overruling plaintiff's motion in arrest of judgment. We find no such motion in the record, and the assignment in error referred to is without merit.

All of the other assignments of error question the propriety of the finding and judgment on the evidence. There is a recital in the judgment order that the plaintiff excepted to the finding and judgment, but there is no exception to either in the bill of exceptions. An exception to the judgment in a cause tried by the court must be shown by the bill of exceptions in order to authorize a review of such judgment on the law and the evidence. In *Climax Tag Co. v. American Tag Co.,* 234 Ill. 179, 182, it was said: "This court has held in a long line of decisions too numerous and too familiar to the profession to require their citation, that in the absence of an exception to the judgment in a case tried by the court, the sufficiency of the evidence to support the judgment cannot be inquired into upon an appeal." Some of the cases in which this rule has been announced and followed are: *Jones v. Village of Milford,* 208 Ill. 621; *Bailey v. Smith,* 168 Ill. 84; *Firemen's Ins. Co. v. Peck,* 126 Ill. 493; *Martin v. Foulke,* 114 Ill. 206.

It is not sufficient that the clerk's record contains a recital that the defendant excepted to the judgment. "The authority to certify that an objection was made and exception taken to the action of the court in entering judgment rested in the presiding judge of the court, not in the clerk." *People v. Chicago & N. W. R. Co.*, 200 Ill. 290.

As the questions sought to be presented for our consideration on this appeal were not preserved in such manner that they can be reviewed by this court, the judgment of the County Court must be affirmed.

*Judgment affirmed.*